On March 25, 1995, Paul Eugene Bailey was indicted for first-degree robbery and attempted first-degree kidnapping.[1] Bailey was convicted of first-degree robbery and second-degree kidnapping. On January 18, 1996, Bailey was sentenced, as a habitual offender, to life in prison without the possibility of parole and to life in prison, respectively. Bailey filed a motion for a new trial; the trial court denied the motion after a hearing. On appeal, this Court affirmed his convictions and sentences in an unpublished memorandum. Bailey v. State, (No. CR-95-0725)725 So.2d 1075 (Ala.Crim.App. 1997) (table).
On January 9, 2002, Bailey filed this, his fourth, Rule 32, Ala.R.Crim.P., petition. Without receiving a response from the State, the circuit court summarily denied the petition on March 8, 2002. Bailey filed a "Motion to Amend, Alter, or Vacate Judgment," which the circuit court also summarily denied. This appeal followed.
In his petition, Bailey claimed that the trial court was without jurisdiction to render its judgment or to impose sentence because, although he was indicted for the offense of attempted first-degree kidnapping, the trial court erroneously "amended" his indictment to charge second-degree kidnapping, of which he was subsequently convicted. Taking judicial notice of the record of Bailey's direct appeal, we agree with his claim. See Hull v. State, 607 So.2d 369 (Ala.Crim.App. 1992).
Bailey was indicted as follows:
 "PAUL EUGENE BAILEY . . . did, on or about November 16, 1994, with the intent to commit the crime of kidnapping, a violation of 13A-6-43 of the Code of Alabama, 1975, attempt to commit said offense, to-wit: by attempting to abduct Cheryl D. Gibson while armed with a knife, in violation of 13A-4-2 of the Code of Alabama, 1975."
(C. 34 from Rule 32 proceedings, C. 7 from direct appeal, R. 52 from direct appeal.)
The evidence adduced at trial showed that Bailey approached the victim while she was sitting in her automobile in line at a drive-through window at a fast-food restaurant. Bailey approached the victim's car and asked her for a ride. When she refused, Bailey brandished a knife and attempted to open the driver's door and get into the front seat of the car with the victim. As Bailey tried to slip into the front seat from the driver's side, the victim got out of the car on the passenger's side. A manager of the restaurant came outside to see what was happening. Bailey pretended that he and the victim were having a lover's quarrel, and he walked away. Police apprehended him shortly thereafter.
At the close of the State's case-in-chief, the trial court determinedsua sponte that the evidence presented during trial did not establish first-degree kidnapping in that the evidence did not establish the elements of any of the subsections of § 13A-6-43(a). The trial court decided to "amend" the indictment to include second-degree kidnapping and to instruct the jury on second-degree kidnapping, without the element of attempt. The following exchange occurred:
 "THE COURT: . . . Now, my first thought was that the Defendant could agree to amend the indictment to set out one or more of these [fact scenarios in § 13A-6-43(a)], but there's a lesser included — and if that be the case he did not, jeopardy would not attach, but since *Page 276 
a lesser included offense is stated under this indictment, and that is Title 13A-6-44, kidnapping in the second degree, even though the indictment shows one section, it sets out the offense of the other. So, as specifically as I know how to tell you, I intend to charge [the jury] on kidnapping in the second degree, which is a Class C felony and not a Class A felony.
"[Prosecutor]: But not on kidnapping in the first degree?
 "THE COURT: I have no intention of mentioning kidnapping in the first degree.
 "[Prosecutor]: So, simply all — we don't need to distinguish that in our closing arguments —
"THE COURT: No.
 "[Prosecutor]: — all we're talking about is kidnapping. Okay.
 "THE COURT: Now, if I was [defense counsel], I would stand and object most vociferously in the charge of any offense because the indictment doesn't sufficiently apprise him, but that would be the argument you would make, would it not, [defense counsel]?
 "[Defense counsel]: Absolutely, Judge, and note my objection.
 "THE COURT: And for the Court to proceed under Title 13A-6-44 is prejudicial to your client because you haven't been apprised of this lesser included offense. I think that's stretching things, but that would be your argument, would it not?
"[Defense counsel]: Yes, Your Honor.
 "THE COURT: And I'm sure your argument, [prosecutor], would be that even though the indictment is not artfully drawn that it sufficiently covers the offense for which he's charged. Is that what your argument would be?
 "[Prosecutor]: Judge, that and that apparently some secretary has not used my form that I have worked diligently on over the last 18 years, because that is not my form, and it would be a scrivener's error, so — but we're satisfied with a charge of kidnapping in the second degree. That's no problem.
"THE COURT: It's done."
(R. 53-54 from direct appeal.)
During the charge conference, the following exchange occurred:
 "[Prosecutor]: Judge, there's one thing that — as you say, attempt, and I'd ask Your Honor to spend a little bit more time with this in your general charge. Attempt on kidnapping is the obvious intent. You try to do a crime and you're unsuccessful in that. But there's no necessity for that in — you just do some overt —
"THE COURT: I haven't used the word attempt at all.
 "[Prosecutor]: Well, you'll have to in the kidnapping, because that's what is charged, attempted kidnapping in the second degree.
"THE COURT: You better read that statute.
"[Prosecutor]: All right, let me read it again.
 "THE COURT: `A person commits the crime of kidnapping in the second degree if he abducts another person.' That's what differentiates this between first and second.
"[Prosecutor]: Right.
 "THE COURT: Now, it does say as an element of defense, `A person does not commit a crime under this section if the abduction is not coupled with intent to use or threaten the use of force.' I intend to —
 "[Prosecutor]: Right, but he did not abduct her. I mean he tried to abduct her. He told her to get back in the car. She didn't do it. *Page 277 
"THE COURT: I don't think you're listening, [prosecutor].
"[Prosecutor]: All right, it must be going past me then.
 "THE COURT: I think if you get in the car and you put a knife on someone and say, `You're not going anywhere,' they're abducting. Okay?
"[Prosecutor]: Okay.
 "THE COURT: Under the — if you'll look more under the cases under this:
 "`Abduction is a serious form of restraint, and restraint requires an intent to prevent the victim's liberation by substantial removal, isolation, concealment, so forth. In order to establish the second [sic] in the second degree, the State must show that the accused prevented the liberation of the victim either by use of or threat of use of deadly force or with the intent to secret the victim in a place where she was not likely to be found.'
 "I don't intend to read that second part because that's not applicable to the facts we have here.
"Okay. Are you all ready?"
(R. 91-93 from direct appeal.)
Initially, we note that, although this is Bailey's fourth Rule 32 petition, and although he filed this petition outside the two-year period of limitations in Rule 32.2(c), Ala.R.Crim.P., we nonetheless address this claim because it is jurisdictional. See Ex parte Cole, 842 So.2d 605
(Ala. 2002) ("When, as here, an indictment for first-degree robbery fails to set forth facts from which one might conclude that the defendant was aided in the robbery by another participant — an essential element of the offense of second-degree robbery — the insufficiency of the factual basis for a guilty plea to second-degree robbery may be subsequently attacked on the basis that the trial court lacked subject-matter jurisdiction to accept the plea.").
Under the Alabama Code, first-degree kidnapping requires proof of an actual abduction in conjunction with some sort of aggravating factor, and second-degree kidnapping requires proof of only the actual abduction. Section 13A-6-43, Ala. Code 1975, provides in pertinent part:
 "(a) A person commits the crime of kidnapping in the first degree if he abducts another person with intent to
"(1) Hold him for ransom or reward; or
"(2) Use him as a shield or hostage; or
 "(3) Accomplish or aid the commission of any felony or flight therefrom; or
 "(4) Inflict physical injury upon him, or to violate or abuse him sexually; or
"(5) Terrorize him or a third person; or
 "(6) Interfere with the performance of any governmental or political function."
Whereas "[a] person commits the crime of kidnapping in the second degree if he abducts another person." § 13A-6-44(a), Ala. Code 1975.
Therefore, certainly second-degree kidnapping can be a lesser-included offense of first-degree kidnapping if evidence of the aggravating factor is insufficient. See generally Pettiway v. State, 539 So.2d 372 (Ala. 1988); Willingham v. State, 695 So.2d 144 (Ala.Crim.App. 1996); and Kingv. State, 595 So.2d 539 (Ala.Crim.App. 1991).
Following that same logic, certainly attempted second-degree kidnapping can be a lesser-included offense of attempted first-degree kidnapping where the abduction is imperfected and the evidence of the existence of the aggravating factor is insufficient. *Page 278 
The problem arises in a case, such as here, where the appellant was indicted for the inchoate, or imperfected, offense of attempted
first-degree kidnapping and was subsequently convicted for the perfected offense of second-degree kidnapping, where no facts were alleged in the indictment, or adduced at trial for that matter, that indicated that an actual abduction had occurred.
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
§ 13A-1-9(a), Ala. Code 1975.
The offense of second-degree kidnapping, which requires an actual abduction, cannot be a lesser-included offense of the offense ofattempted first-degree kidnapping, which, as an attempted crime, requires a failure to consummate the abduction. See Committee Comments to §13A-4-2, Ala. Code 1975. Put another way, attempted first-degree kidnapping requires proof of only "any overt act towards the commission of" an abduction under § 13A-6-43(a). § 13A-4-2(a), Ala. Code 1975. Second-degree kidnapping requires proof of an additional element; second-degree kidnapping requires proof of the abduction, that is, one step further than a mere attempt. A lesser-included offense cannot require proof of more elements than the underlying offense.
Moreover, we note that, even if Bailey had acquiesced to this "amendment," of the indictment his conviction and sentence would nonetheless be void. Had the trial court obtained Bailey's consent to amend the indictment charging attempted first-degree kidnapping by adding the fact that an abduction had actually taken place, a new offense would have been charged because attempted first-degree kidnapping, which does not require proof of an actual abduction, is not "broad enough to include such an element," as proof of an actual abduction is required in order to convict a defendant of second-degree kidnapping. See, e.g., Ex parteCole, 842 So.2d 605, 609 (Ala. 2002).
For the reasons stated above, we remand this cause in order for the circuit court to vacate Bailey's conviction and sentence for second-degree kidnapping. However, Bailey's original indictment for attempted first-degree kidnapping remains valid. Cole, supra. The State may try Bailey on this charge or may reindict Bailey for the proper offense. See Cole, 842 So.2d at 609 ("A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.").
This cause is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] Bailey does not take issue with his first-degree robbery conviction and sentence in this Rule 32, Ala.R.Crim.P., petition. *Page 279