On December 15, 1993, Rodney Leman Cogman, after having been indicted for first-degree receiving stolen property, pleaded guilty to second-degree receiving stolen property. The trial court sentenced him to serve 15 years in prison, but split the sentence and ordered Cogman to serve 1 year in prison. Cogman did not appeal his conviction and sentence. However, Cogman filed a Rule 32, Ala.R.Crim.P., petition, which was summarily denied by the circuit court; Cogman did not appeal from the summary denial.
On March 5, 2002, Cogman filed the Rule 32 petition that is the subject of this appeal. After the State had responded and after a short hearing, the circuit court denied the petition. This appeal followed.
Because we must reverse the order denying the petition and remand this cause on one issue raised by Cogman, we address only that issue and pretermit discussion of the other issues in his petition.
In his petition, Cogman claimed that the indictment against him was void for failing to include an essential element of the crime of receiving stolen property. Specifically, he contended that the indictment charging him with first-degree receiving stolen property failed to include the essential element that he "intentionally receive[d], retain[ed] or dispose[d] of stolen property." § 13A-8-16(a), Ala. Code 1975. On appeal, he reiterates this claim, among others.
Cogman attached what he represents to be a copy of the indictment charging him with first-degree receiving stolen property; that indictment reads, in pertinent part, as follows:
 "The Grand Jury of said County charges that before the finding of this indictment, [Cogman], whose name is otherwise unknown to the Grand Jury, did receive, retain or dispose of the following stolen property, to wit: 1979 Pontiac Grand Prix automobile, bearing Vehicle Identification Number 2J37Y92540726, the property of, to-wit: *Page 764 
 Ronald Hardwick, a better description of the said property being otherwise unknown to the Grand Jury, and having a value in excess of One Thousand ($1,000.00) Dollars, knowing that it was stolen or having reasonable grounds to believe it had been stolen and not having the intent to restore it to its owner, in violation of Section 13A-8-17 of the Code of Alabama."
(C. 20.)
The State did not in the circuit court and does not on appeal dispute Cogman's assertion that his indictment reads as stated; therefore, because nothing in the record indicates otherwise, we accept his assertion as true. Bates v. State, 620 So.2d 745, 746 (Ala.Crim.App. 1992) ("`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'" (quoting Smithv. State, 581 So.2d 1283, 1284 (Ala.Crim.App. 1991))).
Section 13A-8-16, entitled "Receiving stolen property — Definition," reads, in pertinent part, as follows:
 "A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
(Emphasis added.) Section 13A-8-17(a), Ala. Code 1975, provides that "[r]eceiving stolen property which exceeds $1,000.00 in value constitutes receiving stolen property in the first degree."
Thus the language of those two sections states the elements of the offense of first-degree receiving stolen property. First, a person must intend to receive, retain, or dispose of the property in question. Second, the property must be stolen. Third, a person must know, or have reasonable grounds to believe, that the property is stolen. Fourth, the property must not have been retained or disposed of with the intent to restore it to the owner. Finally, in order for the offense to be in the first-degree, the property must be valued at $1,000 or more. For an indictment to adequately charge a defendant with the crime of first-degree receiving stolen property, the indictment must contain all six essential elements. Because it is lacking the first element, the indictment in the present case is not sufficient to charge Cogman with any offense.
The Alabama Supreme Court addressed a similar problem in Ex parteLewis, 811 So.2d 485 (Ala. 2001). In Lewis, the indictment charging Lewis with second-degree assault did not include the essential element of "inten[ding] to cause physical injury," as required by § 13A-6-21(a)(2), Ala. Code 1975. The Alabama Supreme Court held that the indictment was void "for its failure to charge an essential element of that offense" and that "Lewis could not waive the defect . . . ." 811 So.2d at 489. In so holding, the Alabama Supreme Court applied the following law and analysis:
 "In Ivey v. State, 710 So.2d 946 (Ala.Crim.App. 1998), the Court of Criminal Appeals reversed two convictions of assault in the second degree under § 13A-6-21(a)(4) because the jury had not been instructed that in order to convict the defendant it had to find that he intended to cause the physical injury. The jury was instructed only that it had to find that the defendant had intended to prevent a peace officer from performing a lawful duty and that the defendant had caused physical injury to a person. This instruction omitted an essential element of the charge. The Court of Criminal Appeals stated:
 "`In the present case, the trial court's instruction failed to correctly *Page 765 
define the offense of assault in the second degree because the instruction failed to include as an element of the offense that the defendant intended to cause physical injury and did cause physical injury to any person. Instead, the trial court inadvertently instructed the jury on the elements of third-degree assault. The incorrect instruction, in essence, allowed the jury to find the appellant guilty of second-degree assault under a lesser evidentiary standard than was required by law, and thereby lowered the state's burden of proof. Because the jury was incorrectly instructed concerning the elements of second-degree assault, the appellant's convictions for second-degree assault must be set aside.'
"710 So.2d at 948.
 "Failure to allege an essential element of the charged offense is a jurisdictional defect, and the failure to raise the defect at trial or on direct appeal does not constitute a waiver. Byrd v. State, 763 So.2d 987 (Ala.Crim.App. 2000), citing Heidelberg v. State, 575 So.2d 621, 622 (Ala.Crim.App. 1991). According to Ivey, `intent to cause physical injury' is an essential element of assault in the second degree under subsection (a)(4).
 "In Barbee v. State, 417 So.2d 611 (Ala.Crim.App. 1982), the Court of Criminal Appeals reversed a conviction for theft of property under § 13A-8-2, Ala. Code 1975, because the indictment failed to state the essential element of `intent to deprive the owner of his property.' The court stated:
 "`Failure to charge an offense is the kind of defect involved in due process of law and it cannot be waived. Nelson v. State, 50 Ala. App. 285, 278 So.2d 734
(1973). Although the law does not compel a "ritual of words" in an indictment, "[t]he omission of an element of the crime, however, is not a mere formality that may be waived." United States v. Purvis, 580 F.2d 853, 857, 858, rehearing denied, 585 F.2d 520 (5th Cir. 1978), cert. denied, 440 U.S. 914, 99 S.Ct. 1229, 59 L.Ed.2d 463 (1979). "An indictment that fails to allege each material element of an offense fails to charge that offense." United States v. London, 550 F.2d 206, 211 (5th Cir. 1977). "Failure to charge specific intent is but a particular aspect of the failure to charge an offense." Purvis, 580 F.2d at 858.
 "`A defect in the indictment associated with an essential element of the offense which leaves the accused unaware of the nature and cause of the charge cannot be waived. Crews v. State, 374 So.2d 436, 442-43 (Ala.Crim.App. 1979); Andrews v. State, 344 So.2d 533, 534-35 (Ala.Crim.App.), cert. denied, 344 So.2d 538 (Ala. 1977). Where an indictment is void and does not charge an offense, this Court is bound to take notice of such a defect even in the absence of an objection. Edwards v. State, 379 So.2d 336, 338
(Ala.Crim.App. 1979), cert. denied, 379 So.2d 339
(Ala. 1980).'
 "417 So.2d at 613; see also Felder v. State, 512 So.2d 817
(Ala.Crim.App. 1987)."
811 So.2d 487-88.
By applying the same law and analysis to the case at hand and considering the receiving stolen property statutes, we hold that the indictment against Cogman was void in that it failed to charge an essential element of the offense of receiving stolen property, that is, the indictment failed to charge Cogman with intentionally receiving, retaining or disposing of the property in question. Additionally, we hold that, as a matter of the trial court's subject matter jurisdiction, this claim *Page 766 
could not be waived, subject to the two-year period of limitations in Rule 32.2(c), Ala.R.Crim.P., or otherwise precluded under Rule 32, Ala.R.Crim.P.
The indictment charging Cogman, and thus his conviction, are void. However, we note that the State may reindict Cogman for the proper offense. See Ex parte Cole, 842 So.2d 605, 609 (Ala. 2002) ("A reindictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.") (citingDutton v. State, 807 So.2d 596 (Ala.Crim.App. 2001); Cox v. State,585 So.2d 182, 192 (Ala.Crim.App. 1991); and Cox v. State, 462 So.2d 1047,1051 (Ala.Crim.App. 1985)). See also the statute of limitations tolling provisions of Rule 15.5(c), Ala.R.Crim.P., and § 15-3-6, Ala. Code 1975.
For the reasons stated above, the judgment is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.