McMILLAN, Presiding Judge.
The appellant, Elvin Johnson, was indicted for first-degree receiving stolen property and, on November 7, 1989, he pleaded guilty to second-degree receiving stolen property. He was sentenced to five years’ imprisonment in the state penitentiary. Johnson did not appeal his conviction.
In this, his third Rule 32, Ala. R.Crim. P., petition, he alleges that his indictment was void because it omitted an essential element of the offense of first-degree receiving stolen property, specifically that he “intentionally receive[d], retain[ed] or dispose[d] of stolen property.”
The indictment reads, in pertinent part, as follows:
“The Grand Jury of said County charge that before the finding of this Indictment [Johnson], whose true name is to the Grand Jury unknown, otherwise *1234 than as stated, did receive, retain, or dispose of stolen property, to-wit: One (1), 1984, blue, Buick Regal, the property of Veola Williams, of the value of Five Thousand Dollars ($5,000.00), knowing that it was stolen or having reasonable grounds to believe it had been stolen and not having the intent to restore it to its owner, in violation of Section 13A-8-17, of the code of Alabama.” (C. 13.)
The State did not dispute Johnson’s assertion that his indictment reads as stated. In a letter to this Court dated December 23, 2004, Judge D. Al Crowson confirmed that the indictment reads as stated.
Because the element of intent is an essential element of the offense of first-degree receiving stolen property, it cannot be waived and Johnson’s petition is not subject to the two-year (now one-year) limitations period set out in Rule 32.2(c). Cogman v. State, 870 So.2d 762, 765-766 (Ala.Crim.App.2003). Therefore, the judgment of the trial court summarily dismissing the appellant’s Rule 32 petition must be reversed.
The State urges this Court to overrule Cogman, stating in its brief that we should “require that an objection to the indictment as failing to charge an offense must be raised during the ‘pendency of the proceedings’ in compliance with Rule 15.2(d) of the Alabama Rules of Criminal Procedure. ‘Pendency of the proceedings’ should be interpreted in line with Ex parte Harper, 594 So.2d 1181, 1191-1195 (Ala.1991).” However, this Court stated in Ford v. State, 612 So.2d 1317, 1322 (Ala.Crim.App.1992), that “[ujntil we receive any indication to the contrary, we will continue to reject application of the Harper rule to our review of a conviction of an offense for which the appellant was not indicted.”
The indictment charging Johnson is void and his conviction is likewise void. However, the State may reindict Johnson for the proper offense. See Ex parte Cole, 842 So.2d 605, 609 (Ala.2002). (“A rein-dictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.”).
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.