McMILLAN, Presiding Judge.
Stanley Clay Murray appeals from the summary dismissal of his fourth Rule 32, Ala. R.Crim. P., postconviction petition attacking his 1981 guilty-plea conviction for third-degree burglary, second-degree theft of property, and receiving stolen property and his resulting sentence of one year and one day’s imprisonment.
Murray alleges that his indictment for receiving stolen property was void because, he says, it did not contain an essential element of the offense, specifically that he “intentionally” received, retained, or *972 disposed of the stolen property. The indictment, in pertinent part, reads as follows:
“The Grand Jury of said County further charge that before the finding of this Indictment Stanley Clay Murray, whose name is otherwise unknown to the Grand Jury, did receive, retain, or dispose of stolen property, to-wit: one (1) General Electric television set and one (1) JVC television set, the property of Otis Gordon, of the value of ONE HUNDRED TWENTY FIVE AND NO/lOO DOLLARS ($125.00), knowing that they were stolen or having reasonable grounds to believe they had been stolen and not having the intent to restore them to their owner, in violation of § 13A-8-18 of the Code of Alabama, against the peace and dignity of the State of Alabama.”
The State did not dispute Murray’s assertion that his indictment reads as stated, and further, concedes that the indictment is void and that the trial court’s judgment must be reversed on authority of Cogman v. State, 870 So.2d 762 (Ala.Crim.App.2003).
Because the element of intent is an essential element of the offense of receiving stolen property, it cannot be waived, and Murray’s petition is not subject to the two-year (now one-year) limitations period set out in Rule 32.2(c). Cogman at 765-66. Therefore, the judgment of the trial court summarily dismissing the appellant’s Rule 32 petition must be reversed.
The indictment charging Murray with receiving stolen property is void, and his conviction for that offense is likewise void. However, the State may reindict Murray for the proper offense. See Ex parte Cole, 842 So.2d 605, 609 (Ala.2002). (“A rein-dictment after a conviction that has been held to be void does not constitute double jeopardy because, if a court is without jurisdiction, there can be no valid conviction; hence there is no jeopardy.”).
Based on the foregoing, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.