Pursuant to a negotiated agreement, the appellant, James E. Williams, Jr., pled guilty to unlawful possession of a controlled substance (hydrocodone), a violation of § 13A-12-212(a)(2), Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of fifteen years in prison.See § 13A-5-9(c)(1), Ala. Code 1975. It also imposed a $1,000 Demand Reduction Assessment Act fine. See §13A-12-281, Ala. Code 1975. The appellant filed a "Motion to Allow Defendant to Withdraw Plea of Guilt and Enter Order Vacating Defendant's Sentence," which the trial court denied after conducting a hearing. This appeal followed.
The record indicates that the appellant was indicted forattempted unlawful possession of a controlled substance. However, he pled guilty to the completed offense of unlawful possession of a controlled substance. We addressed a similar situation in Bailey v. State, 848 So.2d 274,275-78 (Ala.Crim.App. 2002), as follows:
 "On March 25, 1995, Paul Eugene Bailey was indicted for first-degree robbery and attempted first-degree kidnapping. Bailey was convicted of first-degree robbery and second-degree kidnapping. . . .
 "On January 9, 2002, Bailey filed this, his fourth, Rule 32, Ala. R.Crim. P., petition. Without receiving a response from the State, the circuit court summarily denied the petition on March 8, 2002. Bailey filed a `Motion to Amend, Alter, or Vacate Judgment,' which the circuit court also summarily denied. This appeal followed.
 "In his petition, Bailey claimed that the trial court was without jurisdiction *Page 930 
to render its judgment or to impose sentence because, although he was indicted for the offense of attempted first-degree kidnapping, the trial court erroneously `amended' his indictment to charge second-degree kidnapping, of which he was subsequently convicted. Taking judicial notice of the record of Bailey's direct appeal, we agree with his claim. See Hull v. State, 607 So.2d 369 (Ala.Crim.App. 1992).
 ". . . .
 "The problem arises in a case, such as here, where the appellant was indicted for the inchoate, or imperfected, offense of attempted first-degree kidnapping and was subsequently convicted for the perfected offense of second-degree kidnapping, where no facts were alleged in the indictment, or adduced at trial for that matter, that indicated that an actual abduction had occurred.
 "`(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 `"(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged [or] to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.'
 "§ 13A-1-9(a), Ala. Code 1975.
 "The offense of second-degree kidnapping, which requires an actual abduction, cannot be a lesser-included offense of the offense of attempted first-degree kidnapping, which, as an attempted crime, requires a failure to consummate the abduction. See Committee Comments to § 13A-4-2, Ala. Code 1975. Put another way, attempted first-degree kidnapping requires proof of only `any overt act towards the commission of an abduction under § 13A-6-43(a). § 13A-4-2(a), Ala. Code 1975. Second-degree kidnapping requires proof of an additional element; second-degree kidnapping requires proof of the abduction, that is, one step further than a mere attempt. A lesser-included offense cannot require proof of more elements than the underlying offense.
 "Moreover, we note that, even if Bailey had acquiesced to this `amendment,' of the indictment his conviction and sentence would nonetheless be void. Had the trial court obtained Bailey's consent to amend the indictment charging attempted first-degree kidnapping by adding the fact that an abduction had actually taken place, a new offense would have been charged because attempted first-degree kidnapping, which does not require proof of an actual abduction, is not `broad enough to include such an element,' as proof of an actual abduction is required in order to convict a defendant of second-degree kidnapping. See, e.g., Ex parte Cole, 842 So.2d 605, 609 (Ala. 2002).
 "For the reasons stated above, we remand this cause in order for the circuit court to vacate Bailey's conviction and sentence for second-degree kidnapping. However, Bailey's original indictment for attempted first-degree kidnapping remains valid. Cole, supra."
(Footnote omitted.)
 In this case, the indictment alleged that the appellant *Page 931 
 "did with the intent to commit the crime of Unlawful Possession or Receipt of a Controlled Substance, in violation of Section 13A-12-212, knowingly and unlawfully attempt to obtain Hydrocodone, a controlled substance, by fraud, deceit, misrepresentation or subterfuge, or by the alteration of a prescription or written order, in violation of Section 13A-12-203, Code of Alabama, 1975, in that the said [appellant] did present a prescription for Lortab, a compound or mixture which contains Hydrocodone, to be filled by a pharmacist with knowledge that said prescription was forged, or otherwise not authorized by law, AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA."
(C.R. 10.)
 "A person is guilty of an attempt to commit a controlled substance crime if he engages in the conduct defined in Section 13A-4-2(a), and the crime attempted is a controlled substance crime."
§ 13A-12-203(a), Ala. Code 1975.
 "A person commits the crime of unlawful possession of controlled substance if:
 ". . . .
 "(2) He obtains by fraud, deceit, misrepresentation or subterfuge or by the alteration of a prescription or written order or by the concealment of a material fact or by the use of a false name or giving a false address, a controlled substance enumerated in Schedules I through V."
§ 13A-12-212(a)(2), Ala. Code 1975.
The offense of unlawful possession of a controlled substance requires proof that the appellant actually obtained a controlled substance. Because the offense of unlawful possession of a controlled substance requires proof of the completed offense, it was not included in the offense of attempted unlawful possession of a controlled substance. Therefore, the trial court did not have jurisdiction to accept the appellant's guilty plea to unlawful possession of a controlled substance. Accordingly, we remand this case to the trial court with instructions that that court set aside the appellant's conviction for unlawful possession of a controlled substance. However, the indictment for attempted unlawful possession of a controlled substance remains valid, and the State may try the appellant on that charge.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., dissents, with opinion.