In August 1982, Joseph Wayne Madden pleaded guilty to three counts of receiving stolen property in the first degree. In 2005, Madden filed a Rule 32, Ala. R.Crim. P., petition, contending that the indictments upon which his guilty-plea convictions were based were void because the indictments omitted an essential element of the offense — that he had "intentionally" received the stolen property. Madden contended that his claims were jurisdictional *Page 608 
and that they could therefore be raised at any time.
The trial court denied Madden's petition, and Madden appealed. The Court of Criminal Appeals reversed the judgment of the trial court denying Madden's petition. Madden v.State, 989 So.2d 603 (Ala.Crim.App. 2006). In reliance onCogman v. State, 870 So.2d 762 (Ala.Crim.App. 2003),Grant v. State, 904 So.2d 365 (Ala.Crim.App. 2005), and Ex parte Lewis, 811 So.2d 485 (Ala. 2001), the Court of Criminal Appeals held (1) that the omission from an indictment of an essential element of the charged offense is a jurisdictional defect, and (2) that the failure to raise such a defect at trial or on direct appeal does not constitute a waiver. The State petitioned this Court for a writ of certiorari, which we granted.
After we issued the writ of certiorari in the present case, we issued our opinion in Ex parte Seymour, 946 So.2d 536
(Ala. 2006), which held (1) that a defect in an indictment is not a jurisdictional error, and (2) that a claim based on a defective indictment is subject to the same preclusive bars as any other nonjurisdictional error, overruling Lewis
and other Alabama cases that have held to the contrary.
Based on our decision in Seymour, we reverse the judgment of the Court of Criminal Appeals and remand the cause for proceedings consistent with Seymour.
REVERSED AND REMANDED.
SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ concur.
COBB, C.J., recuses herself.