I respectfully dissent as to that portion of the majority opinion that purports to overrule this court's decision inWilliams v. State, 961 So.2d 929 (Ala.Crim.App. 2006). The majority states, in part:
 "The Williams opinion did not address the impact of the Alabama Supreme Court's opinion in Ex parte Seymour, 946 So.2d 536 (Ala. 2006), had on cases like Williams, however.
 ". . . .
 "In light of Seymour and its progeny, the line of cases of which Williams is a part that hold that failure to allege an essential element of the charged offense constitutes a jurisdictional defect that cannot be waived is no longer the law in Alabama."
998 So.2d at 1099.
When I authored Williams, I was well aware of the supreme court's decision in Seymour. In fact, Judge Shaw dissented in Williams based on Seymour.
However, *Page 1101 
I did not believe then, and I still do not believe, thatSeymour applies to a situation such as the one in this case. Seymour is not a cure-all for any and all indictment-based challenges.
There is a distinction between cases in which there has not been an indictment for an offense and cases in which the indictment is defective because it omits an essential element of the offense. Williams applies to the former situation, andSeymour applies to the latter. Applying the majority's interpretation of Seymour, a defendant could be indicted for the most minor felony offense and convicted of the highest felony offense of capital murder and sentenced to death. In fact, taking the majority's reasoning to its logical conclusion, a defendant could be convicted of an offense without ever being indicted.
The indictment in this case was not defective. Therefore,Seymour does not apply. This is a case where the appellant was not indicted for, and therefore not on notice that he might be convicted of, disorderly conduct. Under the reasoning of Williams, Little Tony's conviction for disorderly conduct was inappropriate. Accordingly, I respectfully dissent as to that portion of the majority opinion that purports to overrule this court's decision inWilliams, and I concur in the result as to the remainder of the opinion.
WISE, J., concurs.
 *Page 278