PER CURIAM.
 

 The petitioner, Oeatha Archie III, appeals the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
 

 In 1996, Archie was convicted of capital murder and was sentenced to life imprisonment without the possibility of parole. We affirmed his conviction and sentence by unpublished memorandum. See
 
 Archie v. State
 
 (No. CR-99-1085), 821 So.2d 1029 (Ala.Crim.App.2001) (table).
 

 In December 1999, Archie filed his first Rule 32 petition attacking his conviction. That petition was denied by the circuit court. He filed subsequent Rule 32 petitions in May 2000, September 2002, and April 2004. Those petitions were likewise denied. In January 2007, Archie filed his fifth Rule 32 petition. After that petition was denied, Archie appealed to this Court. We dismissed the appeal because the notice of appeal was not timely filed.
 
 [1]
 
 See
 
 Archie v. State
 
 (No. 06-1129, April 26, 2007) - So.3d - (Ala.Crim.App.2007) (table).
 

 In July 2007, Archie filed his sixth Rule 32 petition seeking an out-of-time appeal from the denial of his fifth Rule 32 petition.
 
 [2]
 
 The circuit court summarily denied the petition. This appeal followed.
 

 On appeal Archie argues that his failure to file a timely notice of appeal was
 
 *567
 
 due to a clerical error and was not his fault; thus, he argues, he is entitled to an out-of-time appeal from the denial of his fifth Rule 32 petition. Specifically, Archie argues that he “filed” his notice of appeal relating to his fifth Rule 32 petition on March 15, 2007, but that the notice was stamped as filed in the circuit court clerk’s office on March 29, 2007—a date past the 42-day period for filing a timely notice of appeal.
 
 [3]
 

 Archie alleged in his Rule 32 petition that he timely placed his notice of appeal in the prison mail system on March 15, 2007, and that the circuit court clerk erroneously stamped his notice of appeal as filed March 29, 2007, rather than giving him the benefit of the “mailbox rule.” See Rule 4(c), Ala.R.App.P.
 
 [4]
 
 Archie’s allegations were not refuted by the State, and thus must be taken as true. “When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true.”
 
 Smith v. State,
 
 581 So.2d 1283, 1284 (Ala.Crim.App.1991).
 

 Therefore, we must remand this case for the circuit court to allow Archie an opportunity to present evidence to support his allegation that the failure to appeal was based on a clerical error and was not his fault. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim.P. After receiving and considering the evidenée presented, the circuit court shall issue specific written findings of fact regarding Archie’s claim and may grant whatever relief it deems necessary. Due return shall be filed within 42 days of the date of this opinion, and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence relied on by the court in making its findings.
 

 REMANDED WITH INSTRUCTIONS.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ, concur.
 

 WISE, J., dissents.
 

 [1]
 

 . Before we dismissed the appeal we allowed Archie fourteen days to show cause why the appeal should not be dismissed because the notice was untimely filed.
 

 [2]
 

 . Effective June
 
 1, 2005,
 
 Rule 32.1(f), Ala. R.Crim.P., was amended to provide that the
 
 *567
 
 proper means for seeking an out-of-time appeal from the denial of a Rule 32 petition is to file another Rule 32 petition.
 

 [3]
 

 . Our records indicate that Archie's fifth Rule 32 petition was denied on February 12, 2007, and that he did not file a notice of appeal until March 29, 2007.
 

 [4]
 

 . Rule 4(c), Ala.R.App.P., states:
 

 "If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or a criminal case, the notice will be considered timely filed if it is deposited in the institution’s internal mail system on or before the last day for filing. If an institution has a system designed for 'legal' mail to be processed by the United States Post Office, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a notarized statement that sets forth the date the filing was deposited in the institution's mail system.”