*486 WISE, Presiding Judge,
dissenting.
Stewart Dequis Sykes was indicted for first-degree assault, but pled guilty to discharging a firearm into an occupied vehicle. He subsequently filed a Rule 32 petition, alleging that the circuit court did not have jurisdiction to adjudicate him guilty of and sentence him for discharging a firearm into an occupied vehicle. The majority rejects the claim, relying on Gargis v. State, 998 So.2d 1092, 1099 (Ala.Crim.App.2007), in which this court stated, in part:
“The Williams[ v. State, 961 So.2d 929 (Ala.Crim.App.2006),] opinion did not address the impact of the Alabama Supreme Court’s opinion in Ex parte Seymour, 946 So.2d 536 (Ala.2006), had on cases like Williams, however.
[[Image here]]
“In light of Seymour and its progeny, the line of cases of which Williams is a part that hold that failure to allege an essential element of the charged offense constitutes a jurisdictional defect that cannot be waived is no longer the law in Alabama.”
In her dissent in Gargis, which I joined, Presiding Judge Baschab explained:
“There is a distinction between cases in which there has not been an indictment for an offense and cases in which the indictment is defective because it omits an essential element of the offense. Williams applies to the former situation, and Seymour applies to the latter. Applying the majority’s interpretation of Seymour, a defendant could be indicted for the most minor felony offense and convicted of the highest felony offense of capital murder and sentenced to death. In fact, taking the majority’s reasoning to its logical conclusion, a defendant could be convicted of an offense without ever being indicted.
“The indictment in this case was not defective. Therefore, Seymour does not apply. This is a case where the appellant was not indicted for, and therefore not on notice that he might be convicted of, disorderly conduct. Under the reasoning of Williams, Little Tony’s conviction for disorderly conduct was inappropriate. Accordingly, I respectfully dissent as to that portion of the majority opinion that purports to overrule this court’s decision in Williams, and I concur in the result as to the remainder of the opinion.”
998 So.2d at 1101 (Baschab, P.J., concurring in the result in part and dissenting in part).
I disagree with the majority’s reliance on the main opinion in Gargis. Applying the reasoning of the dissent in Gargis, after being indicted for first-degree assault, Sykes was not on notice that he might be convicted of discharging a firearm into an occupied vehicle. Therefore, his conviction and sentence for that offense were inappropriate, and he is entitled to post-conviction relief. Accordingly, I must respectfully dissent.