WELCH, Judge.
Martin Tracy McBurnett appeals from the circuit court's summary denial of his Rule 32, Ala. R. Crim. P., petition. The petition challenged his convictions, following his entry of "best-interest" guilty pleas[1] to: first-degree unlawful possession of marijuana, a violation of § 13A-12-213, Ala. Code 1975; first-degree rape, a violation of § 13A-6-61, Ala. Code 1975; two counts of first-degree sodomy, a violation of § 13A-6-63; sexual abuse of a child less than 12 years old, a violation of § 13A-6-69.1, Ala. Code 1975; and production of pornographic material depicting a minor, a violation of § 13A-12-197, Ala. Code 1975. The circuit court sentenced McBurnett to 10 years' imprisonment for the first-degree-possession-of-marijuana conviction; life imprisonment for the rape conviction; life imprisonment for each of his two sodomy convictions; 20 years' imprisonment for his sexual-abuse conviction; and life imprisonment for his conviction for the production of child pornography. The circuit court ordered that the sentences run consecutively. On October 30, 2009, McBurnett's convictions were affirmed on direct appeal, by unpublished memorandum. McBurnett v. State (No. CR-08-1149), 64 So.3d 1156 (Ala. Crim. App. 2009) (table). The certificate of final judgment was issued on February 16, 2010. McBurnett timely filed the instant Rule 32 petition on February 15, 2011.[2] Subsequently, he filed three amendments[3] to his petition. McBurnett's third and final amendment was filed on March 9, 2015. On March 17, 2015, the circuit court entered an order accepting McBurnett's amendments. On July 17, 2017, the State filed a motion to dismiss McBurnett's petition. On July 31, 2017, the circuit court entered an order addressing McBurnett's numerous claims. The circuit court vacated the plea of guilty to and accompanying sentence for sexual abuse of a child less than 12 years old. The circuit court otherwise granted the State's motion to dismiss the petition.
On August 28, 2017, McBurnett filed a motion to alter, amend, or vacate the July 31, 2017, order denying the petition and amendments. The circuit court denied the motion on August 30, 2017. On September 5, 2017, McBurnett filed a motion to supplement his motion to alter, amend, or vacate the July 31, 2017, order denying his petition. That motion was not ruled on. On September 6, 2017, McBurnett filed a motion to reconsider the order of July 31, 2017. That motion was not ruled on.
McBurnett appealed.
Appeal
Appellate review from the denial of a Rule 32, Ala. R. Crim. P., petition is undertaken with consideration of the following. "The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure *125 of the factual basis of those grounds." Rule 32.6(b), Ala. R. Crim. P. It is the petitioner's burden to plead in the petition a factual basis that, if proven to be true, reflects that the petitioner is entitled to relief from his sentence and/or conviction. Rule 32.3, Ala. R. Crim. P. " 'The standard of review on appeal in a postconviction proceeding is whether the trial judge abused his discretion when he denied the petition. Ex parte Heaton, 542 So.2d 931 (Ala.1989).' Elliott v. State, 601 So.2d 1118, 1119 (Ala.Cr.App.1992)." Strickland v. State, 771 So.2d 1123, 1125 (Ala. Crim. App. 1999). However, "when the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). Moreover, except for utilizing on appeal a preclusionary bar, which neither the State pleaded, nor the circuit court cited, "when reviewing a circuit court's rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason." Bush v. State, 92 So.3d 121, 134 (Ala. Crim. App. 2009). A circuit court may summarily dismiss a petitioner's Rule 32 petition pursuant to Rule 32.7(d), Ala. R. Crim. P.,
"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."
See also Hannon v. State, 861 So.2d 426, 427 (Ala. Crim. App. 2003) ; Cogman v. State, 852 So.2d 191, 193 (Ala. Crim. App. 2002) ; Tatum v. State, 607 So.2d 383, 384 (Ala. Crim. App. 1992).
Moreover, to prevail on an ineffective-assistance-of-counsel claim, a Rule 32 petitioner must satisfy the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, a petitioner must identify the specific acts or omissions he or she alleges were not the result of reasonable professional judgment on counsel's part and show that these acts or omissions fall "outside the wide range of professionally competent assistance." 466 U.S. at 690. If a petitioner meets this burden, he or she must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id."The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011) (citing Strickland, 466 U.S. at 693 ). "A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient." Hyde v. State, 950 So.2d 344, 356 (Ala. Crim. App. 2006). In the context of guilty-plea proceedings, this Court has held:
"When an appellant's claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the Strickland analysis is satisfied by the appellant's establishing 'that there is a reasonable probability that, but for counsel's errors, he could not have pleaded guilty and would have insisted on going to trial.' "
Culver v. State, 549 So.2d 568, 572 (Ala. Crim. App. 1989) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ).
*126 Also, "[u]nrefuted allegations in a postconviction petition must be accepted as true." McCary v. State, 93 So.3d 1002, 1008 (Ala. Crim. App. 2011), citing Ex parte Hodges, 147 So.3d 973 (Ala. 2011) ; Archie v. State, 6 So.3d 566 (Ala. Crim. App. 2008) ; Poole v. State, 988 So.2d 604 (Ala. Crim. App. 2007) ; and Thomas v. State, 908 So.2d 308 (Ala. Crim. App. 2004).
Finally, this Court may take judicial notice of the appellate record filed in McBurnett's direct appeal. See Hull v. State, 607 So.2d 369, 371 (Ala. Crim. App. 1992) (noting that this Court may take judicial notice of its own records); Ex parte Salter, 520 So.2d 213, 216 (Ala. Crim. App. 1987) (same).
I.
McBurnett contends as a substantive error and as ineffective assistance of counsel that, during the guilty-plea proceedings, he was misinformed of the range of punishment and was not informed that the trial court could order that to be served concurrently or consecutively. Specifically, as to the minimum sentence, he asserts that he was told that the minimum sentence for his sex offenses was 10 years when it was actually 20 years. At the time of his conviction, § 13A-5-6(a)(5), Ala. Code 1975, stated that a sentence for a "Class A felony criminal sex offenses involving a child as defined in Section 15-20-21(5)" was not less than 20 years.
As previously stated, McBurnett filed his final amendment on March 9, 2015, and the circuit court issued its final order of judgment on July 31, 2017. On August 28, 2017, McBurnett filed a motion asking the circuit court to alter, amend, or vacate its July 31, 2017, order denying McBurnett's petitions and grant him relief. This motion presented for the first time the claims that he was misinformed of the range of punishment and that he was not informed that his sentences could be served concurrently or consecutively.
By presenting new claims in the motion to amend, McBurnett was in essence seeking another amendment to his petition. "Amendments to pleadings may be permitted at any stage of the proceeding prior to the entry of judgment." Rule 32.7(b), Ala. R. Crim. P.; Allen v. State, 825 So.2d 264, 268 (Ala. Crim. App. 2001) (noting that amendments to Rule 32 petition should be "freely allowed"; however, "such amendments are permitted only 'prior to the entry of judgment.' Rule 32.7(b), Ala. R. Crim. P.").
Moreover, because the claims were not presented in McBurnett's petition or any of the amended petitions filed before the circuit court entered its judgment, they were not properly before the circuit court and are not now properly before this Court. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arrington v. State, 716 So.2d 237, 239 (Ala. Crim. App. 1997).
Moreover, these issues do not present a jurisdictional challenge allowing this Court to take notice ex mero motu. The trial court's failure to inform McBurnett that he could be ordered to serve consecutive sentences if he pleaded guilty and the trial court's failure to advise him of the maximum and minimum sentence on his guilty pleas go to the voluntariness of the pleas. A challenge to the voluntariness of a guilty plea is not jurisdictional. Fincher v. State, 837 So.2d 876, 878 (Ala. Crim. App. 2002) ; Cantu v. State, 660 So.2d 1026 (Ala. Crim. App. 1994) (holding that issue regarding failure to advise an appellant of the maximum and minimum sentence on a guilty plea may be waived). A claim asserting ineffective assistance of counsel is not *127 a jurisdictional challenge. Mosley v. State, 616 So.2d 362 (Ala. Crim. App. 1993) (holding that allegations of ineffective assistance of counsel are not jurisdictional); Cogman v. State, 852 So.2d 191, 192 (Ala. Crim. App. 2002) (ineffective-assistance-of-counsel claim is not jurisdictional).
Therefore, for the reasons above, these claims are not properly before this Court for review and will not be considered.
II.
McBurnett contends that the trial court's setting aside of his conviction and sentence for sexual abuse of a child less than twelve years old is clear proof that his counsel was ineffective because counsel advised him to plead guilty to what McBurnett calls a nonexistent offense, which McBurnett says prejudiced him. Therefore, McBurnett argues that "he is entitled to have all of his convictions and sentences set aside, vacated, or void." (McBurnett's brief, at p. 20.)
Aside from being nonsensical, this claim has been raised for the first time on appeal. Therefore, McBurnett has not preserved this issue for appellate review. Arrington v. State, 716 So.2d 237, 239 (Ala. Crim. App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").
Morever, McBurnett's brief on this issue fails to comply with Rule 28(a)(10), Ala. R. App. P. That rule requires that an appellate argument contain "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." "Failure to comply with Rule 28(a)(10) has been deemed a waiver of the issue presented." C.B.D. v. State, 90 So.3d 227, 239 (Ala. Crim. App. 2011).
III.
McBurnett contends, both as a substantive issue and in support of his ineffective-assistance-of-counsel claim, that he was not advised before entering his guilty pleas to first-degree rape, to two counts of first-degree sodomy, and to production of pornographic material that he would not be eligible for parole consideration pursuant to § 15-22-27.3, Ala. Code 1975,[4] effective October 1, 2005.[5]
This claim was presented to the circuit court in McBurnett's second amendment filed on October 21, 2013, where he claimed that his guilty pleas were not entered into knowingly, intelligently, and with a full understanding, because neither *128 the trial court nor his counsel informed him that "all of the sexual offenses involving a child less than twelve years of age carried sentences that were barred from parole per Ala. Code 1975, § 15-22-27.3." (C. 33.) He further asserted that he suffered prejudice as a result of counsel's failure because he would not have pleaded guilty had he known the consequences. In an affidavit attached to his second amended Rule 32 petition, McBurnett averred:
"Affiant avers that at no time did the trial court, Honorable Circuit Judge William Allen Millican, inform this affiant that the sentences the trial court could impose upon the felony offenses of: Rape-First Degree; Sodomy-First Degree, (Two Counts); Sexual Abuse With a Child Under The Age of Twelve; and, Production of Pornographic Material Depicting a Minor; were sentences to be served without possibility of parole.
"Affiant further avers that at no time did affiant's defense counsel advise that the sentences that could be entered by the trial court upon the felony offenses of Rape-1st Degree, Sodomy-1st Degree (two counts), Sexual Abuse With a Child Under The Age of Twelve, and Production of Pornographic Material Depicting a Minor were sentences that had to be served with[out[6] ] benefit of a parole by the Alabama Board of Pardons and Paroles.
"...
"Affiant avers that had he known that the sentences imposed upon the sexual offenses that affiant entered guilty pleas to carried sentences that were barred from parole, then affiant avers that he would not have entered guilty pleas to such offenses."
(C. 61-62.) In its response, the State did not dispute that McBurnett was not advised that he was ineligible for parole; rather, the State argued that ineligibility for parole was a discretionary[7] consequence to pleading guilty of which McBurnett was not entitled to be advised.
"As to the second amendment filed by the Defendant to his Initial Petition for Relief, the State of Alabama ... [a]s to the ... allegation dealing with the provisions of Code of Alabama 1975, Title 15, § 15-22-27.3, the State of Alabama would aver that its parole statute call[s] for discretionary rather than mandatory action on the part of the parole board. It does not contain any language that mandates parole. As a result thereof, where the statute is framed in discretionary terms, there is no liberty interest created that is entitled to the protection of due process. Gaines v. State, 415 So.2d 1 (1982) ; Thomas v. Sellers, 691 F.2d 487 (11th Cir. 1982). As a result of the foregoing, such allegation fails to meet the requirement of the Strickland test, and fails to provide any basis upon which to grant any relief to the Defendant."
(C. 79.) In its July 31, 2017, final order, the circuit court denied this claim for the reasons set forth by the State as quoted above.
The State and the circuit court were incorrect in asserting that McBurnett was not entitled to be informed that he was ineligible for parole.
In McCary v. State, 93 So.3d 1002, 1004 (Ala. Crim. App. 2011), this Court stated:
*129 " Section 15-22-27.3 [, effective October 1, 2005,] provides that '[a]ny person convicted of a criminal sex offense involving a child as defined in subdivision (5) of Section 15-20-21 which constitutes a Class A or B felony shall not be eligible for parole.' Section 15-20-21(5), Ala. Code 1975, defines a 'criminal sex offense involving a child' as '[a] conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography.' "
The McCary Court reasoned:
"Although § 15-22-27.3 is not a sentence-enhancement statute but is a parole statute, its effect, in circumstances such as those in ... this case, is to increase the maximum possible sentence from life imprisonment to life imprisonment without the possibility of parole; thus, parole ineligibility under § 15-22-27.3 must be considered a direct consequence of a guilty plea, of which a defendant is entitled to be informed. Therefore, we hold that when the effect of parole ineligibility under § 15-22-27.3 is to increase the maximum sentence a defendant faces upon pleading guilty, a trial court must inform a defendant of his or her parole ineligibility under § 15-22-27.3 and the effect of that ineligibility on the maximum sentence, and the failure to do so will render the plea involuntary."
McCary v. State, 93 So.3d at 1007.[8]
" ' "An accused is entitled to information concerning the direct consequences of his plea." ' " Danzey v. State, 703 So.2d 1019, 1020 (Ala. Crim. App. 1997) (quoting Fearson v. State, 662 So.2d 1225, 1226 (Ala. Crim. App. 1995), quoting in turn Minnifield v. State, 439 So.2d 190, 192 (Ala. Crim. App. 1983) ). The ban on parole contained in § 15-22-27.3, Ala. Code 1975, applied to McBurnett. Thus, McBurnett was not eligible for parole and, as a result, his sentence of life imprisonment imposed by the trial court was, in reality, a sentence of life imprisonment without the possibility of parole. Life in prison without parole was a direct consequence of McBurnett's plea of which he was entitled to be advised before pleading guilty. The circuit court's denial of relief on this issue was error.
Conclusion
McBurnett's issue III, alleging that the trial court and his counsel failed to advise him that he was ineligible for parole during the guilty-plea proceedings, was sufficiently pleaded and was presented in a timely filed petition, the facts underlying the claim were not disputed, the truth of the factual allegations are supported by the Rule 32 and direct appeal records, and an application of the law to the undisputed facts clearly establishes that McBurnett is entitled to relief.
"Therefore, as both this Court and the Alabama Supreme Court have done numerous times in the past when the record is clear on its face that a Rule 32 petitioner is entitled to relief, we grant that relief, rather than waste scarce judicial resources to remand for [the petitioner] to present evidence" Williams v. State, 104 So.3d 254, 265 n. 5 (Ala. Crim. App. 2012), citing
" Ex parte A.D.R., 690 So.2d 1208 (Ala. 1997[6] ), on remand, 690 So.2d 1210 (Ala. Crim. App. 1997) (ordering the granting of relief on appeal from the *130 summary dismissal of a Rule 32 petition where the record clearly established that the petitioner was entitled to relief); and Andrews v. State, 78 So.3d 1012 (Ala. Crim. App. 2011) (Welch, J., dissenting) (it is unnecessary to remand for the Rule 32 petitioner to present evidence to prove a claim where the record before this Court clearly established that the claim-that the petitioner's guilty plea was involuntary-entitled the petitioner to relief; this Court should reverse the summary dismissal of the petition and order relief). See also Ragland v. State, 40 So.3d 763 (Ala. Crim. App. 2009) ; Barr v. State, 4 So.3d 578 (Ala. Crim. App. 2008) ; Nickens v. State, 981 So.2d 1165 (Ala. Crim. App. 2007) ; Casteel v. State, 976 So.2d 505 (Ala. Crim. App. 2007) ; Lawrence v. State, 953 So.2d 431 (Ala. Crim. App. 2006) ; Wilson v. State, 943 So.2d 803 (Ala. Crim. App. 2006) ; Watkins v. State, 941 So.2d 343 (Ala. Crim. App. 2006) ; Peake v. State, 931 So.2d 783 (Ala. Crim. App. 2005) ; Murray v. State, 922 So.2d 971 (Ala. Crim. App. 2005) ; Johnson v. State, 919 So.2d 1233 (Ala. Crim. App. 2005) ; Williams v. State, 920 So.2d 590 (Ala. Crim. App. 2005) ; Browning v. State, 901 So.2d 757 (Ala. Crim. App. 2004) ; King v. State, 902 So.2d 736 (Ala. Crim. App. 2004) ; Toliver v. State, 881 So.2d 1070 (Ala. Crim. App. 2003) ; Reeves v. State, 874 So.2d 1167 (Ala. Crim. App. 2002) ; Bailey v. State, 848 So.2d 274 (Ala. Crim. App. 2002) ; and Moore v. State, 814 So.2d 308 (Ala. Crim. App. 2001) (all reversing the summary dismissal of a Rule 32 petition and ordering the circuit court to grant the petitioner relief where the record clearly established that the petitioner was entitled to the relief sought)."
Based on the foregoing, we reverse the circuit court's judgment insofar as it relates to the denial of relief regarding McBurnett's request to withdraw his guilty pleas to the sexual offenses. The cause is thus remanded with directions to provide McBurnett an opportunity to withdraw his pleas of guilty to the sexual offenses, if he so desires. If McBurnett chooses to withdraw his pleas, "the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea ... shall be reinstated automatically." Rule 14.4(e), Ala. R. Crim. P.
McBurnett's conviction for possession of marijuana is unaffected by this decision, and is, thus, affirmed.
For the foregoing reasons, the judgment is affirmed in part and reversed in part, and the cause remanded to the circuit court for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Windom, P.J., and Kellum, Burke, and Joiner, JJ., concur.

In entering the pleas, McBurnett reserved the right to appeal the denial of his motion to suppress.

The case-action-summary sheet reflects that McBurnett paid the filing fee.

Counsel for McBurnett drafted and filed the original and first amended petitions. McBurnett drafted and filed the second and third amendments.

At the time § 15-22-27.3 became effective, October 1, 2005, it stated: "Any person convicted of a criminal sex offense involving a child as defined in subdivision (5) of Section 15-20-21 which constitutes a Class A or B felony shall not be eligible for parole." In October 2005, § 15-20-21(5), Ala. Code 1975, contained the following definition: "(5) CRIMINAL SEX OFFENSE INVOLVING A CHILD. A conviction for any criminal sex offense in which the victim was a child under the age of 12 and any offense involving child pornography." In July 2011 §§ 15-20-20 through 15-20-38, Ala. Code 1975, were repealed and replaced with §§ 15-20A-1 through 15-20A-48.

The following is disclosed in the record on direct appeal. The victim reported McBurnett's crimes when she was 9 years old and shortly thereafter, on November 7, 2007, she was interviewed by authorities. The victim stated that McBurnett's sexual offenses occurred on more than one occasion and had been ongoing for more than a year and a half. Therefore, McBurnett's sexual offenses did occur after the October 1, 2005, enactment of § 15-22-27.3, Ala. Code 1975. Additionally, the case-action-summary sheets on direct appeal reflect that the crimes against the victim were ongoing between October 1, 2005, and February 2006.

Use of the word "with" was clearly a typographical error. Moreover, McBurnett submitted the same affidavit with his motion to alter and amend the judgment, and there he penciled the word "out" to the end of "with" to thus state "without." (C. 117.)

A matter within the Board of Pardons and Paroles' discretion.

"Ineligibility for parole under § 15-22-27.3 when the maximum sentence a defendant could receive is a term of years will not have the effect of increasing that maximum sentence, as is the case when the maximum sentence a defendant could receive is life imprisonment." McCary v. State, 93 So.3d at 1007.