A92A1086. HITE v. THE STATE.
(424 SE2d 885)

COOPER, Judge.

Appellant was convicted in a bench trial of trafficking in cocaine and appeals from the entry of judgment on the conviction.

At a hearing on appellant's motion to suppress, Kennesaw Detective Dave Ratner testified that at approximately 10:00 p.m. on the evening of appellant's arrest, he received a telephone call from a Marietta narcotics detective informing him that a female in the detective's custody on a drug charge had just made a phone call to appellant and that appellant, identified as a white male, would soon leave his Kennesaw residence at 2006 Smith Drive driving a dark pick-up truck en route to a Marietta destination to deliver cocaine to the informant driving a dark pick-up truck. At 10:15, Ratner arrived at the residence and saw a dark pick-up truck in the driveway. Approximately 25 minutes later, a white male, later identified as appellant, got into the truck and drove in the direction of Marietta. Ratner followed the vehicle for a short while and with the assistance of another officer pulled appellant over to the side of the road. Appellant and Ratner exited their vehicles, and as Ratner approached appellant, appellant suddenly reached into the truck. Appellant was then ordered to move away from the truck. Ratner informed appellant that he was a police officer and that he had reason to believe that appellant was carrying cocaine. Ratner testified that appellant then dropped his head and admitted that cocaine was under the front passenger seat. Ratner discovered a brown medicine bottle under the front passenger seat containing a white powder which the crime lab later identified as

cocaine.

1. Appellant enumerates as error the denial of his motion to suppress cocaine discovered in a warrantless search of his truck. Appellant contends that no evidence was offered to show the basis of the informant's knowledge other than the phone call, that her reliability was not established, and that there was insufficient verification by Ratner of the informant's information. " 'The sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the "totality of the circumstances" surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).' " *Rucker v. State*, 199 Ga. App. 854, 855 (406 SE2d 277) (1991). We agree with appellant that the evidence before the court in the suppression hearing did not satisfy the "totality of the circumstances" test in demonstrating probable cause for the warrantless search of the truck. Details were meager regarding the basis of the informant's knowledge, and Ratner testified that he had received information from the narcotics detective in the past but had no information regarding the informant's reliability. However, while Ratner may not initially have had probable cause to perform a warrantless search of the truck, Ratner's personal observations and "[t]he tip provided [Ratner] with sufficient articulable facts to make an investigatory stop of [appellant]." Id. at 856; *Salter v. State*, 198 Ga. App. 242 (1) (401 SE2d 541) (1990). Thereafter, when appellant admitted having cocaine in the truck, "[t]he subsequent arrest and search were proper because they were made only after reason for the arrest arose during the legal investigative stop. [Cits.]" *Anthony v. State*, 197 Ga. App. 297, 298 (1) (398 SE2d 580) (1990). Accordingly, the trial court did not err in denying appellant's motion to suppress.

2. After the search of the truck, appellant also admitted having an additional quantity of cocaine in his bedroom closet. Appellant was then taken to his home where he signed a written consent authorizing the search of his house. Cocaine was discovered in appellant's motorcycle jacket. The crime lab determined that the total quantity of cocaine seized from the truck and appellant's home was 47.5 grams. Ratner testified that approximately half of the cocaine was discovered in the house. OCGA § 16-13-31 (a) (1) provides in pertinent part: "Any person . . . who is knowingly in possession of 28 grams or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ." Appellant argues that the two seizures cannot be combined and that since the testimony demonstrates that neither seizure met the statutory amount to constitute trafficking in cocaine, his indictment for trafficking should have been dismissed and he should have been charged with separate violations of possession of cocaine.

We disagree. Appellant's argument would enable persons to escape prosecution for trafficking by dividing cocaine into smaller quantities and storing the smaller quantities in different locations. "[E]ither actual or constructive possession would suffice to establish the element of possession necessary to support a conviction of trafficking. . . . [Cits.]" *Williams v. State*, 199 Ga. App. 566, 570 (4) (405 SE2d 716) (1991). Despite the fact that the quantities were discovered in two different locations, immediately prior to his arrest, appellant had "direct physical control" over the cocaine in the truck and was therefore in actual possession of it. *Shropshire v. State*, 201 Ga. App. 421, 422 (411 SE2d 339) (1991). At the same time, he "knowingly [had] both the power and intention . . . to exercise dominion or control over the [cocaine discovered in his jacket pocket]" (id. at 422) and was thus in constructive possession of the latter quantity. In our view, this constitutes sufficient evidence of possession to support the charge of trafficking in cocaine, and the trial court did not err in denying appellant's motion to dismiss the indictment.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 12, 1992.

*Ralph W. Kearns, Jr.*, for appellant.

*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.