The appellant, Contrail Kirby Townsend, was convicted of trafficking in cocaine, a violation of § 13A-12-231(2)(a), Ala. Code 1975, and of unlawful distribution of marijuana (two counts), a violation of §13A-12-211(a). For the trafficking conviction, he was sentenced to a term of imprisonment of 20 years and one day and was ordered to pay a mandatory minimum fine of $50,000. For each distribution conviction, he was sentenced to an enhanced sentence of 12 years' imprisonment and was fined $5,000. The two sentences for the distribution convictions are to run concurrently. For each of his three convictions, Townsend was also ordered to pay $50 to the Crime Victims Compensation Fund; $1,000 pursuant to the Drug Demand Reduction Assessment Act; $100 to the Alabama Forensic Services Trust Fund; and court costs, including attorney fees.
On appeal, Townsend contests only his trafficking conviction. He was convicted for trafficking under § *Page 719 13A-12-231(2)(a). That section states, in pertinent part, that "[a]ny person who . . . is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine . . . is guilty of a felony. . . ." The evidence established that, while fleeing on foot from the police, Townsend discarded a bag containing 22.4 grams of cocaine; that, after Townsend was apprehended that same day, a search of his bedroom in his codefendants' residence produced 17.91 grams of cocaine; and that Townsend admitted ownership of the cocaine found in his bedroom. Townsend contends that the trial court erred in allowing the prosecution to aggregate these separate quantities, each weighing less than 28 grams, to meet the 28-gram minimum requirement for trafficking. He argues that he should have been prosecuted for two separate charges of possession, i.e., for two violations of § 13A-12-212(a)(1), unlawful possession of a controlled substance. He proposes that the two amounts were from "separate and remote locations and with no other evidence to connect the two quantities of cocaine to each other." (Appellant's brief, p. 8.)
Although our review of the applicable caselaw indicates that prosecutors do aggregate the amounts of separate stashes of a controlled substance to support a prosecution for trafficking, see, e.g., Stanberryv. State, 813 So.2d 932 (Ala.Crim.App. 2000), Alabama appellate courts have not squarely addressed this issue. In our consideration of this issue, we have surveyed other jurisdictions' treatment of the question. In Commonwealth v. Ortiz, 431 Mass. 134, 725 N.E.2d 1030 (2000), the defendant and his accomplice were found to be in possession of 135.1 grams of heroin when they were arrested and, later that day, pursuant to the defendant's directions, 98.9 grams were seized at a residence. He was convicted of trafficking in heroin in an amount of 200 grams or more. The court addressed the issue, as follows:[1]
 "The defendant argues that the Commonwealth's evidence was insufficient to warrant the . . . conviction because the prosecution had aggregated the amounts found in two `stashes' of heroin at different locations to arrive at 200 grams or more. . . ."
 ". . . The defendant claims that he was entitled to a required finding of not guilty on the indictment charging him with trafficking in 200 or more grams of heroin of May 8, 1996, because the Commonwealth's evidence was insufficient as matter of law. . . . [H]e claims that the heroin he possessed at each location . . . constituted separate quantities that were intended for different purposes, and the Commonwealth was not, therefore, permitted to combine the two quantities in one possession charge. The defendant bases his argument that aggregation was impermissible on what was expressed in Commonwealth v. Diaz, 383 Mass. 73, 82-85, 417 N.E.2d 950 (1981). We stated that our drug statutes do not describe the `offense of maintaining a drug business, which might be proved by a number of acts of possession and sale; rather the statutes denounce particular acts stated disjunctively.' Id. at 84, 417 N.E.2d 950. The defendant reasons that, if according to the Diaz
case, the crime of possession *Page 720 
 with intent to distribute heroin involves one specific act or transaction, then, in the absence of evidence that two amounts of heroin are part of the same act or transaction, the Commonwealth may not aggregate the two amounts in order to convict him of a more serious offense. The defendant concludes that such evidence was lacking here and the Commonwealth failed to satisfy its burden of proving that the two amounts seized from him on May 8, 1996, were part of the same transaction.[4]
 "We recently stated in Commonwealth v. Rabb, 431 Mass. 123, 130, 725 N.E.2d 1036 (2000), that separate prosecutions for possession of a controlled substance under [Mass. Gen. Laws] c. 94C, § 32E, do not offend double jeopardy principles, as long as the amount of the specific controlled substance supporting each conviction constitutes a `separate item' that is sufficiently differentiated by time, location, or intended purpose. Nothing that was stated in Rabb, supra, or in Diaz, supra, however, precludes a prosecutor from combining two quantities of a specified controlled substance possessed by a defendant at different locations in order to prosecute him on a more serious offense under G.L. c. 94C, § 32E. General Laws c. 94C, § 32E(c), has no language prohibiting a prosecutor from aggregating separate supplies of heroin possessed by a defendant at one time to constitute a single offense. The procedure of aggregating separate quantities of a specific controlled substance to bring one criminal charge is frequently used, see, e.g., Commonwealth v. Cuffie, 414 Mass. 632, 638-639, 609 N.E.2d 437
(1993); Commonwealth v. Adames, 41 Mass. App. Ct. 14, 15-16, 668 N.E.2d 848 (1996); Commonwealth v. Rivera, 40 Mass. App. Ct. 308, 312-313, 664 N.E.2d 451
(1996). . . .
 "The defendant's contention that the Commonwealth is required to prove that the two quantities of heroin came from the same supply, in order to link them for purposes of one prosecution, is incorrect. Whether multiple quantities of a certain controlled substance come from the same supply is, generally, irrelevant to the question whether a prosecutor may combine the amounts under one indictment.[6] . . .
 "We turn now to what the [fact-finder] would have been warranted in finding on the evidence here. The defendant had agreed to sell Agent Russell 150 grams of heroin, but arrived at the Westgate Mall with 135.1 grams, less than the promised amount. In response to Sergeant O'Reilly's inquiry, the defendant stated that the rest of his heroin, comprising about one hundred grams, could be found at [the residence], where the police located 98.9 grams of heroin exactly where the defendant had indicated. The circumstances surrounding how this heroin was found, together with the seizure of drug paraphernalia found with it, permitted an inference that the defendant had constructive possession of this heroin, and that he had intended to distribute this heroin as well. We conclude that the defendant was properly prosecuted on this single trafficking indictment, and that the [fact-finder] could conclude beyond a reasonable doubt that the defendant possessed over 200 grams of heroin with intent to distribute it. The defendant's motion for a required finding of not guilty was properly denied.
 "[4] The defendant also suggests that his double jeopardy rights were implicated when the Commonwealth prosecuted him with one violation of the statute rather than two separate violations. Double jeopardy issues arise in situations where a defendant has multiple convictions of violating related statutory *Page 721 
 provisions based on the same conduct, see Blockburger v. United States, 284 U.S. 299, 304 . . . (1932), or where a defendant is subjected to successive prosecutions for the same offense. See Rashad v. Burt, 108 F.3d 677, 679-680 (6th Cir. 1997). . . . The circumstances of this case do not raise issues of double jeopardy. Cf. Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000).
 "[6] Evidence that a quantity of a controlled substance found in a defendant's possession comes from a certain supply will continue to be relevant to prove a defendant's constructive possession of the controlled substance in the supply. Evidence that both quantities of heroin came from the same supply was not necessary, in this case, to prove the defendant's constructive possession of the heroin in the house . . ., because that heroin was linked to the defendant by his own words, when he told the police where they could find the rest of the heroin. We note . . . that the defendant does not argue on appeal that he lacked constructive possession of the heroin in the house."
431 Mass. at 135, 137-40, 725 N.E.2d at 1031, 1033-34 (some citations omitted; n. 5 omitted).
In disposing of Townsend's contention, we have also considered the rationale expressed in Hite v. State, 206 Ga. App. 245, 424 S.E.2d 885
(1992). There, neither the cocaine that was seized pursuant to a search of the truck driven by the defendant nor the cocaine subsequently found in the defendant's jacket pocket in his residence pursuant to his direction met the statutory minimum amount of 28 grams to constitute trafficking, but when the amounts were combined, they constituted an amount sufficient for trafficking. In holding that the defendant's conviction for trafficking in cocaine, under a statute virtually identical to Alabama's, was based on sufficient evidence, the court stated:
 "Appellant argues that the two seizures cannot be combined and that . . . his indictment for trafficking should have been dismissed and he should have been charged with separate violations of possession of cocaine. We disagree. Appellant's argument would enable persons to escape prosecution for trafficking by dividing cocaine into smaller quantities and storing the smaller quantities in different locations. `[E]ither actual or constructive possession would suffice to establish the element of possession necessary to support a conviction of trafficking. . . . [Cits.]' Williams v. State, 199 Ga. App. 566, 570(4), 405 S.E.2d 716 (1991). Despite the fact that the quantities were discovered in two different locations, immediately prior to his arrest, appellant had `direct physical control' over the cocaine in the truck and was therefore in actual possession of it. Shropshire v. State, 201 Ga. App. 421, 422, 411 S.E.2d 339
(1991). At the same time, he `knowingly [had] both the power and intention . . . to exercise dominion or control over the [cocaine discovered in his jacket pocket]' (id. at 422, 411 S.E.2d 339) and was thus in constructive possession of the latter quantity. In our view, this constitutes sufficient evidence of possession to support the charge of trafficking in cocaine, and the trial court did not err in denying appellant's motion to dismiss the indictment."
206 Ga. App. at 246-47, 424 S.E.2d at 886-87.
Under the particular facts and law before us, we first note that §13A-12-212 has no language prohibiting a prosecutor from aggregating separate supplies of the specific controlled substance possessed by a defendant. Clearly, Townsend simultaneously possessed both quantities seized: the officers in pursuit of him observed him in actual possession of the 22.4-gram quantity he discarded while fleeing, and he admitted ownership of the 17.91-gram quantity seized from his bedroom. The evidence clearly supported the submission of the trafficking charge to the jury, and *Page 722 
the jury could have reasonably found beyond a reasonable doubt that Townsend possessed 28 grams or more of cocaine. We emphasize that, as with all sufficiency-of-the-evidence questions, this holding is limited to the particular facts of this case.
Townsend's contention that he should have been convicted of two violations of § 13A-12-212(a)(1) for possession raises the question whether doing so would have violated his right not to be placed in double jeopardy. "A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense. Const. of 1901, Art. I, § 9; U.S. Const. Amend. V." Exparte Darby, 516 So.2d 786, 787 (Ala. 1987). Such question of double jeopardy is determined by the following principles:
 "[I]t has been aptly noted that `the Blockburger test[2]
is insufficient where . . . the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction.' Rashad v. Burt, 108 F.3d 677 (6th Cir. 1997). This is because when `a defendant is convicted for violating one statute multiple times, the same evidence test will never be satisfied.' State v. Adel, 136 Wn.2d 629, 965 P.2d 1072 (1998). The `appropriate inquiry' in such a case `asks what "unit of prosecution" was intended by the Legislature as the punishable act. . . . The inquiry requires us to look to the language and purpose of the statutes, to see whether they speak directly to the issue of the appropriate unit of prosecution, and if they do not, to ascertain that unit, keeping in mind that any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant's favor.' Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000) (concluding that allegedly multiple drug possessions justify multiple charges if the possessions are sufficiently differentiated by time, place or intended purpose, the case here regarding defendant's possession of drugs at his residence for immediate sale and his possession of drugs at motel for future sales)."
4 Wayne R. LaFave et al., Criminal Procedure § 17.4(b), 2001 Pocket Part n. 66 (2d ed. 1999). See also Project, "Twenty-Ninth Annual Review of Criminal Procedure," 88 Geo. L.J. 879, 1293 (2000) ("when the government seeks to prove that a single act or occurrence results in multiple violations of the same statute, the rule of lenity requires only one punishment unless legislative intent to impose multiple punishments is shown").
The question then is whether Townsend's possession of cocaine in two places constitutes one "unit of prosecution" or two. The question is what act or course of conduct has the Legislature defined as the punishable act for possession of a controlled substance under § 13A-12-212? We find the following pertinent:
 "The first step in the unit of prosecution inquiry is to analyze the criminal statute. The relevant portion of the possession statute states, `any person found guilty of possession of forty grams or less of marihuana shall be guilty of a misdemeanor.' [Wash. Rev. Code] 69.50.401(e). Possession has been defined as personal custody or dominion *Page 723 
 and control. State v. Staley, 123 Wn.2d 794, 798, 872 P.2d 502 (1994). If the State establishes the nature of the substance and the defendant's possession of it, then the elements of unlawful possession have been met. Id.
 "RCW 69.50.401(e) fails to indicate whether the Legislature intended to punish a person multiple times for simple possession based upon the drug being stashed in multiple places. This lack of statutory clarity favors applying the rule of lenity and finding [the defendant] guilty on only one count of simple possession. Further analysis supports this finding.
 "The Legislature's intent is obviously relevant when construing an ambiguous statute. One way of construing legislative intent regarding the unit of prosecution for a simple possession crime is to refer to the 40 gram cutoff between a misdemeanor and a felony. See
RCW 69.50.401(e). The Legislature has indicated the desire to punish possession of over 40 grams of marijuana as a more serious crime. In doing so, the Legislature focused solely on the quantity of the drug, and did not reference the spatial or temporal aspects of possession. Indeed, if officers had found 21 grams in [the defendant's] store, and 21 grams in his car, prosecutors most certainly would have attempted to aggregate the two stashes and charge [the defendant] with felony possession. Cf. Rashad [v. Burt], 108 F.3d [677,] 682 [(6th Cir. 1997)] (applying same reasoning in finding just one count arose from defendant's possessing drugs in his house and more in his car); State v. Lopez, 79 Wn. App. 755, 762, 904 P.2d 1179 (1995) (`If the source of the drug or the manner in which it was possessed was a determining factor, a careful defendant could avoid the heightened penalty simply by making sure he acquired them in or divided them into amounts of less that two kilograms.').
 ". . . All of the drugs found in this case were within [the defendant's] dominion and control at the same time. The possession statute does not authorize multiple convictions based upon a drug being stashed in multiple places within a defendant's actual or constructive possession.
 ". . . The Legislature declared it a misdemeanor to possess 40 grams or less of marijuana. A person is equally guilty of possession whether that person has the drug stashed in one place, or hidden in several places under the person's dominion and control. There is no statutory indication the Legislature intended to punish a person multiple times merely because the person separates and keeps small amounts of marijuana in different locations. We find the unit of prosecution in RCW 69.50.401(e) is possessing 40 grams of marijuana or less, regardless of where or in how many locations the drug is kept."
State v. Adel, 136 Wn.2d 629, 635-37, 965 P.2d 1072, 1075-76 (1998) (first emphasis added; second emphasis original; citation omitted) (double jeopardy barred multiple convictions for simple possession of marijuana based on marijuana seized in the defendant's store and in his car parked outside his store).[3] Compare In re Davis, *Page 724 142 Wn.2d 165, 12 P.3d 603 (2000) (convictions for two counts of possession with intent to manufacture or deliver, based on separate self-contained "marijuana grow operations" housed in separate single-family dwellings located in different cities did not punish the defendant twice for the same statutory "unit of prosecution" in violation of double jeopardy; the facts of the case revealed more than one "unit of possession"). Considering Alabama's statutory scheme, we find no indication that the Legislature intended to punish a person multiple times for possession merely because that person separated and kept amounts of cocaine smaller than 28 grams in different locations at the same time. Rather, in punishing possession of over 28 grams as a more serious crime, the Legislature has focused solely on the quantity of the drug. The facts of this case were not such that more than one "unit of prosecution" was present. The cocaine found in Townsend's bedroom and the cocaine he dropped while fleeing were properly treated as a single unit of possession because the circumstances involved his possession of cocaine at the same time, i.e., the two quantities were within Townsend's dominion and control at the same time. Under these particular facts, had the prosecution brought multiple charges under § 13A-12-212(a)(1), it would have impermissibly divided his conduct and violated the constitutional prohibition against subdividing a single criminal act and imposing multiple punishments for it.
Finally, we note that, in Sears v. State, 479 So.2d 1308, 1312 n. 2 (Ala.Crim.App. 1985), the court stated, "[I]f the offenses of possession and trafficking stem from possession of the same controlled substance, the two offenses are not separate offenses, but rather the offense of possession is a lesser offense included in the offense of trafficking." If we adopted Townsend's argument — that simultaneous possession of two stashes, one by actual possession and the other by constructive possession, constituted two offenses — the above observation would not be true. For example, under Townsend's theory, had one of his stashes been more than 28 grams, but the other stash less than 28 grams, he could have been prosecuted for both trafficking and possession — a result rejected by Alabama caselaw. We find that Townsend's authority —Sears v. State and Vogel v. State, 426 So.2d 863 (Ala.Crim.App. 1980),writ quashed in pertinent part, aff'd on other ground, 426 So.2d 882
(Ala. 1982) — are distinguishable in fact and in law.
Based on the foregoing, we conclude that Townsend was properly prosecuted and convicted for the crime of trafficking in cocaine. The trial court properly denied Townsend's motion for a judgment of acquittal. We also note, in conclusion, that the propriety of aggregating separate quantities of a controlled substance depends on the particular facts in question. Only an analysis of the facts will dictate whether a defendant's possession was sufficiently differentiated by time or location as to constitute separate units for prosecution or whether it constitutes a single offense.
Appellate counsel for Townsend submitted two additional issues for our consideration. However, after discussing the pertinent law, Townsend's counsel asserted that neither issue has any merit. Consequently, we decline to review them.
The foregoing opinion was prepared by Retired Appellate Judge
John Patterson while serving on active duty status as a *Page 725 
judge of this court under the provisions of § 12-18-10(e).
AFFIRMED.
McMillan, P.J., and Baschab and Wise, JJ., concur. Shaw, J., concurs in part and dissents in part, with opinion, in which Cobb, J., joins.
[1] Although the Massachusetts trafficking statute requires that the possession be "with intent to manufacture, distribute, or dispense," Mass. Gen. Laws ch. 94(c), § 32E, and Alabama's statute does not contain such requirement, we find the court's rationale helpful; only the court's consideration of the purpose of the possession is irrelevant to our purpose.
[2] Blockburger v. United States, 284 U.S. 299, 304 (1932), held that "where the same act or transaction constitutes a violation of twodistinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not." (Emphasis added.)
[3] We note, however, the following observations:
 "[T]he unit of prosecution approach to double jeopardy is necessarily one that must develop on a case-by-case basis. There may be circumstances in future cases where the jurisdictional or temporal differences in the possession of illegal substances may be so great as to suggest completely distinct units of prosecution.
 "The unit of prosecution approach to analyzing double jeopardy is appropriate, but is not completely without difficulty in its application."
136 Wn.2d at 640, 965 P.2d at 1077 (Talmadge, J., concurring).