COBB, Judge.
Edward Lee Williams was indicted for first-degree robbery and pursuant to a plea agreement with the State, he pleaded guilty on April 21, 1987, to a reduced charge of second-degree robbery and was sentenced to life in prison. He did not appeal his conviction. On August 17, 2004, Williams filed a petition seeking relief from his conviction pursuant to Rule 32, Ala. R.Crim. P.
In his Rule 32 petition, Williams argued that the trial court lacked jurisdiction to accept his guilty plea to a reduced charge of second-degree robbery. He claimed that, under the facts. of his case, second-degree robbery was not a lesser offense of first-degree robbery, the charge for which he was indicted. The State moved to dismiss Williams’s Rule 32 petition on procedural grounds and based on testimony presented to the grand jury that indicted Williams. The trial court summarily denied the petition as being precluded pursuant to Rule 32.2(a)(2) and Rule 32.2(b), Ala. R.Crim. P., because, it concluded, the claim was nonjurisdictional and was without merit. Williams appeals from the Jefferson Circuit Court’s denial of his Rule 32, Ala. R.Crim. P., petition.
The State does not contest Williams’s factual allegations, and it concedes that the order denying Williams’s petition must be reversed and the case remanded on the authority of Ex parte Cole, 842 So.2d 605 (Ala.2002), and Childers v. State, 899 So.2d 1023. (Ala.Crim.App.2003), cert. quashed, Childers v. State, 899 So.2d 1025 (Ala.2004). Williams’s indictmént for first-degree robbery, which is included in the record on appeal, does not allege facts indicating that-he was aided in this offense by another participant, and the State does not dispute that “the indictment was never amended to include the fact that he was aided by other persons in the robbery.” Childers, 899 So.2d at 1024, citing Ex parte Cole, 842 So.2d 605 (Ala.2002). Therefore, as in Cole and Childers, “the circuit court did not have jurisdiction to accept [Williams’s] guilty plea to a charge of second-degree robbery,' and its denial of his Rule 32 petition was in error.” Childers, 899 So.2d at 1024, citing Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003).
Based on the foregoing, we reverse the judgment of the Jefferson Circuit Court summarily dismissing Williams’s Rule 32 petition, and remand this matter for that court to vacate Williams’s conviction for second-degree robbery.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.