KELLUM, Judge.
Patricia Williams appeals the circuit court’s summary dismissal of her petition for postconviction relief, filed pursuant to Rule 32, Ala. R.Crim. P.
In 2007, Williams was convicted of one count of first-degree unlawful manufacture of a controlled substance, specifically methamphetamine, one count of trafficking in methamphetamine, and one count of unlawful possession of a controlled substance, specifically methamphetamine. She was sentenced, as a habitual offender, to life imprisonment for the manufacturing conviction, to life imprisonment for the trafficking conviction, and to 15 years’ imprisonment for the possession conviction. This Court affirmed Williams’s convictions and sentences on appeal in an opinion issued on May 30, 2008. Williams v. State, 995 So.2d 915 (Ala.Crim.App.2008). This Court issued a certificate of judgment on June 18, 2008.
The convictions resulted from a search of Williams’s mobile home and a shed located approximately five feet behind the mobile home.[1] In the shed, law-enforcement officers found an active methamphetamine laboratory. Officers found, among other things, a glass jar or vase on a hot plate containing a boiling liquid that was later determined to weigh approximately 250 milliliters and to contain methamphetamine, referred to as “meth oil”; two 20-ounce liquid-filled bottles; and a turkey baster. In the mobile home in a padlocked bedroom identified as Williams’s room, officers found acetone, distilled water, Red Devil brand lye, iodized salt, mu-riatic acid, and coffee filters, all of which *256 are commonly used in the manufacture of methamphetamine, as well as a makeup case containing what was later determined to be completed powder methamphetamine.
Williams filed this, her second, Rule 82 petition on January 18, 2011. In her petition, Williams alleged (1) that she was actually innocent of the crimes, and (2) that the trial court lacked jurisdiction to render the judgments or to impose the sentences because, she said, her three convictions violated principles of double jeopardy. The State filed a response and a motion for summary disposition on July 5, 2011, arguing that Williams’s claims were precluded by Rules 32.2(a), (b), and (c), and were meritless.[2] The circuit court granted the State’s motion and summarily dismissed Williams’s petition on July 6, 2011, with a notation on the case-action-summary sheet.
On appeal, Williams reasserts the claims raised in her petition. We address each in turn.
I.
Williams contends that she is actually innocent of the crimes. This claim is, as argued by the State in its response, time-barred by Rule 32.2(c) because Williams’s petition was filed after the limitations period had expired. Contrary to Williams’s assertion, claims of actual innocence are subject to the preclusions in Rule 32.2. See Russell v. State, 886 So.2d 123 (Ala.Crim.App.2003) (claim of actual innocence is subject to procedural bars). Therefore, summary dismissal of this claim was proper.
II.
Williams also contends that her three convictions violate principles of double jeopardy. Specifically, she argues, as she did in her petition, that her convictions for manufacturing and trafficking violate double-jeopardy principles because, she says, they were both based on the same evidence — a methamphetamine laboratory found in a shed on her property. She also argues, as she did in her petition, that her trafficking and possession convictions violate double-jeopardy principles because, she says, possession of methamphetamine is a lesser-included offense of trafficking in methamphetamine. Both of these claims are jurisdictional and neither were raised in her previous petition.[3] Thus, these claims are not subject to any of the preclu-sions in Rule 32.2. See, e.g., Heard v. State, 999 So.2d 992 (Ala.2007); Ex parte Trawick, 972 So.2d 782 (Ala.2007); and Ex parte Benefield, 932 So.2d 92 (Ala.2005).
In Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court held that “where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.” The Blockburger test is a two-pronged test. First, “the threshold inquiry under Block-burger is whether the alleged statutory violations arise from ‘the same act or transaction.’ ” State v. Watkins, 362 *257 S.W.3d 530, 545 (Tenn.2012). See also State v. Armendariz, 140 N.M. 182, 188, 141 P.3d 526, 532 (2006) (“The first part of the test requires the determination of whether the conduct underlying the offenses is unitary.”); R.L.G., Jr. v. State, 712 So.2d 348, 359 (Ala.Crim.App.1997) (“Before the double jeopardy prohibition is triggered ... it must appear ... that the crimes arose out of the same act or transaction.” (citations omitted)), aff'd, 712 So.2d 372 (Ala.1998); and State v. Thompson, 197 Conn. 67, 72, 495 A.2d 1054, 1058 (1985) (“An analysis of the Blockburger test involves a threshold determination of whether the offenses arose out of the ‘same act or transaction,’ and a substantive analysis of whether they contain distinct elements.”). The Double Jeopardy Clause does not operate to prohibit prosecution, conviction, and punishment in a single trial for discrete acts of the same offense. See Swafford v. State, 112 N.M. 3, 810 P.2d 1223 (1991). Thus, whether a defendant’s conduct constitutes the same act or transaction “does not determine whether there is a double jeopardy violation; rather it determines if there could be a violation.” State v. Schoonover, 281 Kan. 453, 467,133 P.3d 48, 62 (2006).
Second, if the offenses did arise from the same act or transaction, then it must be determined whether each offense requires proof of an additional fact which the other does not, i.e., whether the two offenses are the “same” for double-jeopardy purposes. “[Ajpplication of the test focuses on the statutory elements of the offense,” Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), and is a rule of statutory construction based on the assumption that a legislature “ordinarily does not intend to punish the same offense under two different statutes.” Whalen v. United States, 445 U.S. 684, 692, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). See also Rutledge v. United States, 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (“[W]e presume that ‘where two statutory provisions proscribe the “same offense,” ’ a legislature does not intend to impose two punishments for that offense.”) (quoting Whalen, 445 U.S. at 692). It is well settled “that a lesser included and a greater offense are the same under Blockburger.” Brown v. Ohio, 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). See also Heard, supra, and Lewis v. State, 57 So.3d 807 (Ala.Crim.App.2009).

Manufacturing and Trafficking

With respect to Williams’s challenge to her manufacturing and trafficking convictions, it is clear that both convictions did arise, as Williams argues, from the same act or transaction, i.e., both convictions were based on the vase of “meth oil” found in the shed. However, this Court has previously addressed and rejected a similar double-jeopardy argument. In Snowden v. State, 968 So.2d 1004 (Ala.Crim.App.2006), this Court upheld against a double-jeopardy challenge convictions for both trafficking in methamphetamine and manufacturing methamphetamine arising out of the same act or transaction, specifically finding that trafficking in methamphetamine under § 13A-12-231(11), Ala. Code 1975, and manufacturing methamphetamine under § 13A-12-217, Ala.Code 1975, each require proof of an element that the other does not and, thus, that they were not the same offense for purposes of double jeopardy. Therefore, Williams’s convictions for both first-degree manufacturing methamphetamine and trafficking in methamphetamine do not violate principles of double jeopardy, and summary dismissal of this claim in her petition was proper.

*258
Trafficking and Possession

Williams’s challenge to her trafficking and possession convictions is more problematic. The State argues that the trafficking conviction and the possession conviction were not based on the same act or transaction and, thus, that the threshold inquiry under Blockburger is not satisfied and the second prong of the Blockburger test is not triggered. Specifically, the State argues that “the evidence shows that the powdered methamphetamine which formed the basis for the unlawful possession charge was in a different location than the liquid methamphetamine (albeit nearby), it was intended for a different purpose than the liquid methamphetamine, and perhaps most significantly, it was in a different form than the liquid methamphetamine” and, thus, that Williams’s possession of the powder methamphetamine in the mobile home was a separate act or transaction from her possession of the liquid “meth oil” in the shed. (State’s brief, p. 23.)
In Townsend v. State, 823 So.2d 717 (Ala.Crim.App.2001), this Court recognized that “[o]nly an analysis of the facts will dictate whether a defendant’s possession was sufficiently differentiated by time or location as to constitute separate units for prosecution or whether it constitutes a single offense.” 823 So.2d at 724. Townsend had been convicted of trafficking in cocaine based on his actual possession of 22.4 grams of cocaine he discarded while fleeing from the police and his constructive possession of 17.91 grams of cocaine, which he admitted owning, found in his bedroom later that same day. Townsend argued that he should have been prosecuted for two counts of possession of cocaine, instead of one count of trafficking. This Court, in rejecting that theory, recognized that “ ‘[a] single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense,”’ Townsend, 823 So.2d at 722 (quoting Ex parte Darby, 516 So.2d 786, 787 (Ala.1987)), and held that the two “possessions” occurred simultaneously, thus constituting one “unit of prosecution” rising to the level of trafficking because of the combined weight of the cocaine.
In addressing the issue, this Court first quoted the following from Commonwealth v. Ortiz, 431 Mass. 134, 138, 725 N.E.2d 1030, 1033 (2000):
“We recently stated in Commonwealth v. Rabb, 431 Mass. 123, 130, 725 N.E.2d 1036 (2000), that separate prosecutions for possession of a controlled substance under [Mass. Gen. Laws] c. 94C, § 32E, do not offend double jeopardy principles, as long as the amount of the specific controlled substance supporting each conviction constitutes a ‘separate item’ that is sufficiently differentiated by time, location, or intended purpose.... ”
This Court then quoted from Hite v. State, 206 Ga.App. 245, 246-47, 424 S.E.2d 885, 886-87 (1992), as follows:
“Appellant argues that the two seizures cannot be combined and that ... his indictment for trafficking should have been dismissed and he should have been charged with separate violations of possession of cocaine. We disagree. Appellant’s argument would enable persons to escape prosecution for trafficking by dividing cocaine into smaller quantities and storing the smaller quantities in different locations. ‘[E]ither actual or constructive possession would suffice to establish the element of possession necessary to support a conviction of trafficking.... [Cits.]’ Williams v. State, 199 Ga.App. 566, 570(4), 405 S.E.2d 716 (1991). Despite the fact that the quantities were discov *259 ered in two different locations, immediately prior to his arrest, appellant had ‘direct physical control’ over the cocaine in the truck and was therefore in actual possession of it. Shropshire v. State, 201 Ga.App. 421, 422, 411 S.E.2d 339 (1991). At the same time, he ‘knowingly [had] both the power and intention ... to exercise dominion or control over the [cocaine discovered in his jacket pocket]’ (id. at 422, 411 S.E.2d 339) and was thus in constructive possession of the latter quantity. In our view, this constitutes sufficient evidence of possession to support the charge of trafficking in cocaine, and the trial court did not err in denying appellant’s motion to dismiss the indictment.”
This Court then explained:
“Under the particular facts and law before us, we first note that § 13A-12-212 has no language prohibiting a prosecutor from aggregating separate supplies of the specific controlled substance possessed by a defendant. Clearly, Townsend simultaneously possessed both quantities seized: the officers in pursuit of him observed him in actual possession of the 22.4-gram quantity he discarded while fleeing, and he admitted ownership of the 17.91-gram quantity seized from his bedroom. The evidence clearly supported the submission of the trafficking charge to the jury, and the jury could have reasonably found beyond a reasonable doubt that Townsend possessed 28 grams or more of cocaine. We emphasize that, as with all sufficiency-of-the-evidence questions, this holding is limited to the particular facts of this case.
“Townsend’s contention that he should have been convicted of two violations of § 13A-12-212(a)(l) for possession raises the question whether doing so would have violated his right not to be placed in double jeopardy. ‘A single crime cannot be divided into two or more offenses and thereby subject the perpetrator to multiple convictions for the same offense. Const, of 1901, Art. I, § 9; U.S. Const. Amend. V.’ Ex parte Darby, 516 So.2d 786, 787 (Ala.1987). Such a question of double jeopardy is determined by the following principles:
“ ‘[I]t has been aptly noted that “the Blockburger test is insufficient where ... the concern is not multiple charges under separate statutes, but rather successive prosecutions for conduct that may constitute the same act or transaction.” Rashad v. Burt, 108 F.3d 677 (6th Cir.1997). This is because when “a defendant is convicted for violating one statute multiple times, the same evidence test will never be satisfied.” State v. Adel, 136 Wash.2d 629, 965 P.2d 1072 (1998). The “appropriate inquiry” in such a case “asks what ‘unit of prosecution’ was intended by the Legislature as the punishable act.... The inquiry requires us to look to the language and purpose of the statutes, to see whether they speak directly to the issue of the appropriate unit of prosecution, and if they do not, to ascertain that unit, keeping in mind that any ambiguity that arises in the process must be resolved, under the rule of lenity, in the defendant’s favor.” Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000) (concluding that allegedly multiple drug possessions justify multiple charges if the possessions are sufficiently differentiated by time, place or intended purpose, the case here regarding defendant’s possession of drugs at his residence for immediate sale and his possession of drugs at motel for future sales).’
*260 “4 Wayne R. LaFave et al., Criminal Procedure § 17.4(b), 2001 Pocket Part n. 66 (2d ed.1999). See also Project, ‘Twenty-Ninth Annual Review of Criminal Procedure,’ 88 Geo. L.J. 879, 1293 (2000) (‘when the government seeks to prove that a single act or occurrence results in multiple violations of the same statute, the rule of lenity requires only one punishment unless legislative intent to impose multiple punishments is shown’).
“The question then is whether Townsend’s possession of cocaine in two places constitutes one ‘unit of prosecution’ or two. The question is what act or course of conduct has the Legislature defined as the punishable act for possession of a controlled substance under § 13A-12-212? We find the following pertinent:
“ ‘The first step in the unit of prosecution inquiry is to analyze the criminal statute. The rélevant portion of the possession statute states, “any person found guilty of possession of forty grams or less of marihuana shall be guilty of a misdemeanor.” ■ [Wash. Rev.Code] 69.50.401(e). Possession has been defined as personal custody or dominion and control. State v. Staley, 123 Wash.2d 794, 798, 872 P.2d 502 (1994). If the State establishes the nature of the substance and the defendant’s possession of it, then the elements of unlawful possession have been met. Id.
“ ‘RCW 69.50.401(e) fails to indicate whether the Legislature intended to punish a person multiple times for simple possession based upon the drug being stashed in multiple places. This lack of statutory clarity favors applying the rule of lenity and finding [the defendant] guilty on only one count of simple possession. Further analysis supports this finding.
“ ‘The Legislature’s intent is obviously relevant when construing an ambiguous statute. One way of construing legislative intent regarding the unit of prosecution for a simple possession crime is to refer to the 40 gram cutoff between a misdemeanor and a felony. See RCW 69.50.401(e). The Legislature has indicated the desire to punish possession of over 40 grams of marijuana as a more serious crime. In doing so, the Legislature focused solely on the quantity of the drug, and did not reference the spatial or temporal aspects of possession. Indeed, if officers had found 21 grams in [the defendant’s] store, and 21 grams in his car, prosecutors most certainly would have attempted to aggregate the two stashes and charge [the defendant] with felony possession. Cf. Rashad [v. Burt ], 108 F.3d [677,] 682 [(6th Cir.1997)] (applying same reasoning in finding just one count arose from defendant’s possessing drugs in his house and more in his car); State v. Lopez, 79 Wash.App. 755, 762, 904 P.2d 1179 (1995) (“If the source of the drug or the manner in which it was possessed was a determining factor, a careful defendant could avoid the heightened penalty simply by making sure he acquired them in or divided them into amounts of less that two kilograms.”).
“ ‘... All of the drugs found in this case were within [the defendant’s] dominion and control at the same time. The possession statute does not authorize multiple convictions based upon a drug being stashed in multiple places within a defendant’s actual or constructive possession.
“ ‘... The Legislature declared it a misdemeanor to possess 40 grams or less of marijuana. A person is equal *261 ly guilty of possession whether that person has the drug stashed in one place, or hidden in several places under the person’s dominion and control. There is no statutory indication the Legislature intended to punish a person multiple times merely because the person separates and keeps small amounts of marijuana in different locations. We find the unit of prosecution in RCW 69.50.401(e) is possessing 40 grams of marijuana or less, regardless of where or in how many locations the drug is kept.’
“State v. Adel, 186 Wash.2d 629, 635-87, 965 P.2d 1072, 1075-76 (1998) (first emphasis added; second emphasis original; citation omitted) (double jeopardy barred multiple convictions for simple possession of marijuana based on marijuana seized in the defendant’s store and in his car parked outside his store). Compare In re Davis, 142 Wash.2d 165, 12 P.3d 603 (2000) (convictions for two counts of possession with intent to manufacture or deliver, based on separate self-contained ‘marijuana grow operations’ housed in separate single-family dwellings located in different cities did not punish the defendant twice for the same statutory ‘unit of prosecution’ in violation of double jeopardy; the facts of the case revealed more than one ‘unit of possession’).
“Considering Alabama’s statutory scheme, we find no indication that the Legislature intended to punish a person multiple times for possession merely because that person separated and kept amounts of cocaine smaller than 28 grams in different locations at the same time. Rather, in punishing possession of over 28 grams as a more serious crime, the Legislature has focused solely on the quantity of the drug. The facts of this case were not such that more than one ‘unit of prosecution’ was present. The cocaine found in Townsend’s bedroom and the cocaine he dropped while fleeing were properly treated as a single unit of possession because the circumstances involved his possession of cocaine at the same time, i.e., the two quantities were within Townsend’s dominion and control at the same time. Under these particular facts, had the prosecution brought multiple charges under § 13A-12-212(a)(l), it would have impermissibly divided his conduct and violated the constitutional prohibition against subdividing a single criminal act and imposing multiple punishments for it.
“Finally, we note that, in Sears v. State, 479 So.2d 1308, 1312 n. 2 (Ala.Crim.App.1985), the court stated, ‘[I]f the offenses of possession and trafficking stem from possession of the same controlled substance, the two offenses are not separate offenses, but rather the offense of possession is a lesser offense included in the offense of trafficking.’ If we adopted Townsend’s argument— that simultaneous possession of two stashes, one by actual possession and the other by constructive possession, constituted two offenses — the above observation would not be true. For example, under Townsend’s theory, had one of his stashes been more than 28 grams, but the other stash less than 28 grams, he could have been prosecuted for both trafficking and possession — a result rejected by Alabama caselaw.... ”
Townsend, 823 So.2d at 721-24 (footnotes omitted; some emphasis added).
Although Townsend involved the proper “unit of prosecution” under a single statute, it is nonetheless instructive here in our analysis of whether Williams’s conduct in possessing a small quantity of powder methamphetamine, giving rise to the possession conviction under § 13A-12-212, *262 and possessing a large quantity of liquid methamphetamine, or “meth oil,” giving rise to the trafficking conviction under § 13A — 12—231(11), constituted “the same act or transaction” under Blockburger. Indeed, other states have adopted a view similar to the one espoused in Townsend for determining whether a defendant’s conduct constitutes the same act or transaction for purposes of double jeopardy. For example, in Schoonover, supra, the Kansas Supreme Court set forth the following factors to be considered:
“[S]ome factors to be considered in determining if conduct is unitary, in other words if it is the ‘same conduct,’ include: (1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct.”
281 Kan. at 497, 133 P.3d at 79. Likewise, the Minnesota Supreme Court has held that “[f]actors considered when analyzing whether conduct is a single behavioral incident include ‘time and place ... [and] whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective.’ ” State v. Bertsch, 707 N.W.2d 660, 664 (Minn.2006) (quoting State v. Johnson, 273 Minn. 394, 404, 141 N.W.2d 517, 524-25 (1966)). New Hampshire also focuses on whether the acts are “ ‘sufficiently differentiated by time, location, or intended purpose.’ ” State v. Farr, 160 N.H. 803, 810, 7 A.3d 1276, 1282 (2010) (quoting Rashad v. Burt, 108 F.3d 677, 681 (6th Cir.1997)). See also Commonwealth v. Rabb, 431 Mass. 123, 725 N.E.2d 1036 (2000).
In considering these factors here, we cannot agree with the State that Williams’s possession of the powder methamphetamine and her possession of the liquid methamphetamine or “meth oil” were separate acts of possession. Both “stashes” were found at essentially the same location. Although the powder methamphetamine was found inside Williams’s mobile home and the “meth oil” was found inside a shed just behind Williams’s mobile home, the mobile home and the shed were in close proximity to each other and located on the same property, property belonging to Williams. Both “stashes” were also found at the same time, and Williams, who was not present at the time of the search, clearly had constructive possession of both “stashes” simultaneously. See Townsend, supra. See also State v. Quick, 146 N.M. 80, 206 P.3d 985 (2009) (striking defendant’s convictions for possession of methamphetamine and possession of methamphetamine with intent to distribute where defendant’s possession of both quantities or stashes of methamphetamine were simultaneous and in the same location), and Gibbs v. State, 698 So.2d 1206 (Fla.1997) (striking defendant’s convictions for trafficking based on possession of cocaine and simple possession of cocaine where defendant’s possession of both quantities or stashes were simultaneous and in the same location).
In addition, many of the ingredients necessary for the methamphetamine laboratory found in the shed were discovered inside the mobile home in the same padlocked bedroom as was the powder methamphetamine, thus indicating that Williams’s possession of both “stashes” was not motivated by a different purpose, but was part of a single operation. Finally, although the two stashes were in different forms — one liquid and the other powder — they were still the same controlled substance — methamphetamine. Neither the trafficking statute nor the possession statute differentiates between the form of the controlled substance. Section 13A-12- *263 231(11) refers to “methamphetamine or any mixture containing methamphetamine, its salts, optical isomers, or salt of its optical isomers.” (Emphasis added.) The possession statute refers only to “a controlled substance enumerated in Schedules I through V.” § 13A-12-212. The schedules of controlled substances, promulgated by the State Board of Health and found in Regulation 420-7-2, Ala. Admin. Code (Department of Public Health),[4] also make no distinction between the forms of the substance. Schedule II controlled substances include the following:
“(d) Stimulants. Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system:
[[Image here]]
“2. Methamphetamine, its salts, isomer, and salts of its isomers.”
Regulation 420-7-2, Ala. Admin. Code (Department of Public Health) (emphasis added). See also Lane v. Commonwealth, 51 Va.App. 565, 659 S.E.2d 553 (2008) (striking defendant’s convictions for three counts of possession of a controlled substance with the intent to distribute oxyco-done, where the only difference between the three counts was the form of the oxy-codone — one count was based on the possession of liquid oxycodone, one count was based on the possession of oxycodone tablets, and one count was based on the possession of Endocet tablets, containing a combination of oxycodone and acetaminophen).
Therefore, under the circumstances in this case, we find that Williams’s possession of the “meth oil” in the shed and her possession of the powder methamphetamine in the mobile home constituted the same act or transaction for double-jeopardy purposes. As in Townsend, however, we caution that whether a defendant’s conduct constitutes the same act or transaction under Blockburger is dependent on the particular facts in each case, and our holding today is limited to the facts in this case.
Having determined that both “stashes” ‘were part of the same act or transaction, we must now determine whether each offense in this case — trafficking in methamphetamine under § 13A-12-231(11) and possession of methamphetamine under § 13A-12-212 — requires proof of a fact that the other does not. Section 13A-l-8(b)(l), Ala.Code 1975, provides that “[w]hen the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if ... [o]ne offense is included in the other, as defined in Section 13A-1-9.” Section 13A-l-9(a), Ala.Code 1975, provides:
“(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
“(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
“(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
*264 “(3) It is specifically designated by statute as a lesser degree of the offense charged; or
“(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.”
In Ford v. State, 612 So.2d 1317 (Ala.Crim.App.1992), this Court explained:
“ ‘ “[T]o be a lesser included offense of one charged in an indictment, the lesser offense must be one that is necessarily included, in all of its essential elements, in the greater offense charged[,]” Payne v. State, 391 So.2d 140, 143 (Ala.Cr.App.), writ denied, 391 So.2d 146 (Ala.1980), ... unless it is so declared by statute.’
“James v. State, 549 So.2d 562, 564 (Ala.Cr.App.1989). ‘Whether a crime constitutes a lesser-included offense is to be determined on a case-by-case basis.’ Aucoin v. State, 548 So.2d 1053, 1057 (Ala.Cr.App.1989). ‘In determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes but must also ... in light of the particular facts of each case.’ Ingram v. State, 570 So.2d 835, 837 (Ala.Cr.App.1990) (citing Ex parte Jordan, 486 So.2d 485, 488 (Ala.1986); emphasis in original). See also Farmer v. State, 565 So.2d 1238 (Ala.Cr.App.1990).”
612 So.2d at 1318. The “particular facts” of each case are those facts alleged in the indictment. Thus, “the statutory elements of the offenses and facts alleged in an indictment — not the evidence presented at trial or the factual basis provided at the guilty-plea colloquy — are the factors that determine whether one offense is included in another.” Johnson v. State, 922 So.2d 137, 143 (Ala.Crim.App.2005).
“Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of methamphetamine or any mixture containing methamphetamine, its salts, optical isomers, or salt of its optical isomers thereof, is guilty of a felony, which felony shall be known as ‘trafficking in methamphetamine.’ ” § 13A-12-231(11), Ala.Code 1975. The indictment charged that Williams “did knowingly have in actual or constructive possession 28 grams or more but less than 500 grams of methamphetamine or a mixture containing methamphetamine, a controlled substance, and that such actual or constructive possession took place subsequent to September 30, 1988, in violation of 13A-12-231 of the Code of Alabama, against the peace and dignity of the State of Alabama.” (Record on Direct Appeal, “RDA,” C. 20.)
Section 13A-12-212(a)(l), Ala.Code 1975, provides that “[a] person commits the crime of unlawful possession of a controlled substance if ... [ejxcept as otherwise authorized, he possesses a controlled substance enumerated in Schedules I through V.” As noted above, methamphetamine is a Schedule II controlled substance. See Regulation 420-7-2, Ala. Admin. Code (Department of Public Health). The indictment charged that Williams “did unlawfully possess METHAMPHETAMINE, a controlled substance contrary to and in violation of Section 13A-12-212 of the Code of Alabama, against the peace and dignity of the State of Alabama.” (RDA, C. 16.)
Based on the statutory elements of the offenses and the facts as alleged in the indictments, possession of methamphetamine is a lesser-included offense of trafficking in methamphetamine in this case. *265 The commission of the trafficking offense as alleged in the indictment necessarily included all the elements of the possession offense as alleged in the indictment. In other words, Williams could not have committed the trafficking offense without also having committed the possession offense. See, e.g., Ex parte Fletcher, 718 So.2d 1132, 1136 n. 5 (Ala.1998) (“A person is guilty of trafficking in cocaine if he: (1) ‘knowingly sells, manufactures, delivers, or brings into this state, or is knowingly in actual or constructive possession of,’ (2) ‘28 grams or more of cocaine or of any mixture containing cocaine.’ Ala. Code 1975, § 13A-12-231(2). A person is guilty of the unlawful possession of a controlled substance if he ‘possesses a controlled substance’ (e.g., cocaine). Ala. Code 1975, § 13A-12-212(a)(l). Thus, for the jury to return a verdict against Fletcher on the offense of the higher degree — trafficking in cocaine — it had to find the existence of every element of the lesser-included offense — the unlawful possession of a controlled substance.”); and Ex parte Hubbard, 562 So.2d 583, 584 (Ala.1989) (“Possession of cannabis is a lesser included offense of trafficking in cannabis” because “[b]oth require proof of the same elements, except that trafficking also requires proof of an additional element: that the defendant was in possession of more than 2.2 pounds of cannabis.”).
Because Williams was convicted of both a greater offense and a lesser offense included within the greater offense, her convictions for both trafficking in methamphetamine and possession of methamphetamine violate double-jeopardy principles. Therefore, the circuit court erred in denying Williams’s Rule 32 petition as to this claim. The proper remedy when a defendant is convicted of both a greater and a lesser-included offense is to vacate the conviction and the sentence for the lesser-included offense. See, e.g., Gholston v. State, 57 So.3d 178 (Ala.Crim.App.2010); Renney v. State, 53 So.3d 981 (Ala.Crim.App.2010); Lewis v. State, 57 So.3d 807 (Ala.Crim.App.2009); Holloway v. State, 971 So.2d 729 (Ala.Crim.App.2006); and Young v. State, 892 So.2d 988 (Ala.Crim.App.2004) (all vacating convictions of lesser-included offenses where the defendants were unconstitutionally convicted of both greater and lesser-included offenses). Accordingly, Williams’s conviction and sentence for possession of methamphetamine must be vacated.[5]
*266 Based on the foregoing, we remand this case for the circuit court to grant Williams’s petition as it relates to her conviction for possession of methamphetamine and to vacate the possession conviction and resulting sentence. Due return shall be filed within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
WELCH, BURKE, and JOINER, JJ„ concur. WINDOM, P.J., concurs in part and dissents in part, with opinion.

. This Court may take judicial notice of its own records, and we do so in this case. See Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992).

. The State did not dispute the facts alleged in Williams's petition; it argued only that her claims were meritless because the jury had returned verdicts of guilty on all three counts.

. In her previous petition, Williams challenged the effectiveness of her trial and appellate counsel for not challenging her convictions on double-jeopardy grounds. However, she did not raise the underlying substantive double-jeopardy claims she now raises in her second petition.

. Section 20-2-20(a), Ala.Code 1975, provides that "[t]he State Board of Health, unless otherwise specified, shall administer this chapter and may add substances to or delete or reschedule all substances enumerated in the schedules in Section 20-2-23, 20-2-25, 20-2-27, 20-2-29, or 20-2-31 pursuant to the procedures of the State Board of Health.”

. We note that Judge Welch’s dissent in Patrick v. State, 91 So.3d 756 (Ala.Crim.App.2011), on which the dissent here relies, is inapposite. In Patrick, this Court reversed the circuit court's summary dismissal of Patrick’s Rule 32 petition on the ground that Patrick had established that equitable tolling operated to avoid the preclusive effect of the time bar in Rule 32.2(c). Judge Welch dissented, noting that although Patrick had pleaded facts in his petition that, if true, would entitle him to equitable tolling, Patrick had not proven that those facts were true and, thus, Judge Welch argued, the case should be remanded for Patrick to be given an opportunity to prove the facts underlying his assertion that equitable tolling should apply to his petition. This case, however, does not involve the issue whether Williams has properly proven facts to avoid one of the preclusions in Rule 32.2. As noted above, as a matter of law, Williams's double-jeopardy claim is not precluded. Moreover, contrary to the contention in the dissent, it is unnecessary to remand this case to allow Williams an opportunity to prove her double-jeopardy claim because the facts warranting relief on that claim are not in dispute. The only dispute between the parties is the proper application of the law to those undisputed facts. Thus, our holding is not based on Williams's mere allegations in her petition, but on the undisputed evidence presented at Williams’s trial, of which this Court has taken judicial notice, see supra note 1, and on which both Williams and the State rely in making their arguments. Therefore, as both this Court and the Alabama Supreme Court have done numerous times in the past *266 when the record is clear on its face that a Rule 32 petitioner is entitled to relief, we grant that relief, rather than waste scarce judicial resources to remand for Williams to present evidence that has already been presented to a jury and that is already before this Court by way of judicial notice. See Ex parte A.D.R., 690 So.2d 1208 (Ala.1996), on remand, 690 So.2d 1210 (Ala.Crim.App.1997) (ordering the granting of relief on appeal from the summary dismissal of a Rule 32 petition where the record clearly established that the petitioner was entitled to relief); and Andrews v. State, 78 So.3d 1012 (Ala.Crim.App.2011) (Welch, J., dissenting) (it is unnecessary to remand for the Rule 32 petitioner to present evidence to prove a claim where the record before this Court clearly established that the claim—that the petitioner’s guilty plea was involuntary—entitled the petitioner to relief; this Court should reverse the summary dismissal of the petition and order relief). See also Ragland v. State, 40 So.3d 763 (Ala.Crim.App.2009); Barr v. State, 4 So.3d 578 (Ala.Crim.App.2008); Nickens v. State, 981 So.2d 1165 (Ala.Crim.App.2007); Casteel v. State, 976 So.2d 505 (Ala.Crim.App.2007); Lawrence v. State, 953 So.2d 431 (Ala.Crim.App.2006); Wilson v. State, 943 So.2d 803 (Ala.Crim.App.2006); Watkins v. State, 941 So.2d 343 (Ala.Crim.App.2006); Peake v. State, 931 So.2d 783 (Ala.Crim.App.2005); Murray v. State, 922 So.2d 971 (Ala.Crim.App.2005); Johnson v. State, 919 So.2d 1233 (Ala.Crim.App.2005); Williams v. State, 920 So.2d 590 (Ala.Crim.App.2005); Browning v. State, 901 So.2d 757 (Ala.Crim.App.2004); King v. State, 902 So.2d 736 (Ala.Crim.App.2004); Toliver v. State, 881 So.2d 1070 (Ala.Crim.App.2003); Reeves v. State, 874 So.2d 1167 (Ala.Crim.App.2002); Bailey v. State, 848 So.2d 274 (Ala.Crim.App.2002); and Moore v. State, 814 So.2d 308 (Ala.Crim.App.2001) (all reversing the summary dismissal of a Rule 32 petition and ordering the circuit court to grant the petitioner relief where the record clearly established that the petitioner was entitled to the relief sought).